T. Paul Kane, J.
Defendant, Stanmar, Inc. (hereinafter referred to as “ Stanmar ”), moves for an order dismissing the complaint herein on the ground that the court has no personal jurisdiction of this defendant (CPLR 3211, subd. [a], par. 8).
In his complaint, plaintiff, John F. Kelly, alleges two causes of action: one for breach of contract with damages in the sum of $3,000 and a second cause of action for damages in the amount of $2,000 for loss of rental income. The alleged controversy involves a contract entered into on or about July 1, 1965 between plaintiff and Stanmar, whereby the latter was to provide all materials necessary to erect a certain building and to provide a builder to erect the same on the land of plaintiff in the State of Vermont. Plaintiff agreed to pay $12,401 pursuant to the agreement and he executed a building and loan agreement with defendant State Bank of Albany whereby the latter promised to advance a total sum of $12,200 according to a certain schedule of progress. Defendant State Bank of Albany took a bond and mortgage as security for the loan and plaintiff assigned the entire proceeds of the bond to Stanmar and E. R. Taylor. Plaintiff alleges that a sum of $3,020 is being held by defendant bank and further that a promissory note in the sum of $2,010 was made by plaintiff to the order of Stanmar and is held until completion of the contract.
In his prayer for relief, plaintiff demands judgment in the sum of $5,000 on both causes of action and demands judgment that ‘£ defendants and each of them be divested from their interest in the proceeds of said bond now in possession of the defendant State Bank of Albany, and that the interests of plaintiff and defendant, Stanmar, Inc., in said promissory note, executed by plaintiff, be denied or limited as the case may be. ’ ’
It appears undisputed that Stanmar is a foreign corporation not authorized to engage in business in the State of New York and that performance of the contract was to be in the State of Vermont.
*380 It is first noted that Stanmar has limited itself to the objection that the court does not have personal jurisdiction of this defendant, although it contends that it is not certain from the complaint whether or not plaintiff was alleging personal, in rem, or quasi in rem jurisdiction over it. Since there is only one motion permitted under CPLR 3211, Stanmar has technically precluded itself from urging lack of jurisdiction under CPLR 314 (subds. 2 or 3). Yet, the court also notes that plaintiff, himself, was uncertain as to the type of jurisdiction that he was asserting. Under the circumstances, the court will overlook any error since the moving papers described the alleged defect sufficiently clearly to apprise the plaintiff of its nature and thus will not result in any prejudice to him (4 Weinstein-Korn-Miller, 3SL Y. Civ. Prac., par. 3211.22; CPLR 2001).
Presence of a res within the State gives our courts the power to determine claims to it and the other legal relations of persons not subject to in personam jurisdiction (CPLR 314, subds. 1 and 2). These two subdivisions cover in rem jurisdiction and do not require an attachment of the property, as is necessary under subdivision 3 of CPLR 314. In dealing with proceedings in rem, it is obvious that a claim of jurisdiction (pursuant to CPLR 314, subd. 2) could not result in an in personam judgment. This type of proceeding is to determine rights in a particular res, tangible or intangible, within the court’s jurisdiction in which many of the parties interested are known and whose rights in such res are to be determined. Therefore, a money judgment separate and apart from the res could not be successfully sought without in personam jurisdiction. Although there is confusion as to which subdivision of CPLR 314 plaintiff claims jurisdiction, the court rules out in personam jurisdiction or jurisdiction pursuant to subdivision 3 of CPLR 314. Therefore, the prayer for damages sought for breach of contract must be stricken from the complaint. Having done so, the court finds sufficient reason to sustain the remaining portions of the complaint pertaining to the determination of title to the res, in rem jurisdiction having been obtained upon Stanmar. The plaintiff has sufficiently identified the nature of his claim relating to the res, the res itself, and the prospective rights thereto. The court finds that plaintiff has obtained in rem jurisdiction over Stanmar (CPLR 314, subd. 2). The court further grants plaintiff the right to amend his complaint in accordance with this opinion.
Accordingly, the motion is denied.