John P. Cohalan, Jr., J.
Plaintiff seeks a partial summary judgment against the defendants, Tinker National Bank and Charles Falkner, and for an order directing assessment of damages. Said defendants by cross motion seek summary judgment dismissing the complaint as against them. The cross motion is denied. The motion of the plaintiff for partial summary judgment is granted.
Defendant, Thomas Vincel as president of the Long Island Reo Truck Co. Inc. (Truck Company), on August 15, 1966 entered into a security sales agreement involving a Reo Diesel tractor, with a subsidiary corporation known as LIR Co. Truck Leasing Corp. (Leasing Corp.), which agreement was also signed by Vincel as president of the latter. The tractor was not registered under the Vehicle and Traffic Law prior to August 16,1967.
On August 15,1966 the sales agreement was assigned to Tinker National Bank for the sum of $13,500. With interest and filing fees the obligation totaled $15,935 and was to be paid in 35 equal *339 monthly installments of $442.95, commencing with September 25, 1966. The tractor remained in possession of the Truck Company and the Leasing Corp. until August 8,1967, at which time it was sold by the Truck Company to the plaintiff herein for $13,260. When the defendant bank, by one of its officers, defendant Falkner, learned that the truck had been sold to plaintiff and that the obligation of the Truck Company and the Leasing Corp. to the bank had not been paid pursuant to the security agreement, the bank and its representative Falkner “ repossessed ” it.
Plaintiff now contends that this constituted conversion of his property and seeks a judgment for resulting damages. It may be noted that the tractor was sold as a new tractor and that it had been driven for 4,511 miles. There was no motor vehicle registration number specified for the tractor, which is referred to in the papers as a demonstrator. It is not claimed by defendant that plaintiff had any notice or knowledge of the security agreement held by the bank. Neither does it say that the sale was not made in the usual course of business of the Truck Company.
In determining the rights of the parties we are dealing with a question of first impression in the State of New York under the recently enacted Uniform Commercial Code. Subdivision (9) of section 1-201 of the Uniform Commercial Code defines “ Buyer in ordinary course of business ”. Subdivision (1) of section 2-104 of the Uniform Commercial Code defines “Merchant”. Subdivision (1) of section 2-403 defines “ Power to Transfer ” and subdivision (2) states: “Any entrusting of possession of goods to a merchant who deals in goods of that kind gives him power to transfer all rights of the entruster to a buyer in ordinary course of business ”.
It is not disputed that plaintiff is a buyer in the ordinary course of business and that the seller was a merchant under the provisions of the Uniform Commercial Code. As between it and plaintiff, the possession of the tractor by the Truck Company entitled it to transfer title in the ordinary course of its business. Plaintiff was further entitled to the benefit of section 9-307 of the Uniform Commercial Code as a buyer in the normal course of business and plaintiff took title free of the security interest created by the seller. (See Uniform Commercial Code — Sales, Ann. 17 ALB 3d 1010-1149, 1123-1127.) The only reported cases that appear to be in point under the provisions of the new Uniform Commercial Code are three out-of-State citations, i. e., Weisel v. McBride (191 Pa. Super. Ct. 411); Sterling Acceptance Co. v. Grimes (194 Pa. Super. Ct. 503); and Gricar v. Bairhalter (11 Pa. D. & C. 2d 723). In the first case the automobile in question was the subject of a trust indenture referred to as “ floor planning ” *340 of automobiles. A buyer in the course of the dealer’s business purchased the car and paid in full for the same. The buyer was given possession of the car. The court directed delivery of the automobile to the buyer and determined that the trust indenture was wholly void as to him.
In the second case (supra) plaintiff filed a security agreement as to all the new and used automobiles of an automobile dealer pursuant to a trust agreement. An automobile was sold by the dealer. The acceptance company brought a replevin action against the buyer of the car and it was determined that the buyer had a good title as against the acceptance corporation. The court stated that under sections 9-307 and 2-403 of the Uniform Commercial Code, the acceptance company could not recover the loan from the buyer and that upon the sale of a new automobile by a dealer in the ordinary course of business, the buyer takes free of any security interest even though perfected and even though the buyer knows of the terms of the security agreement.
In the instant case there is no claim that the plaintiff knew of the security agreement held by the defendant bank.
In the Gricar case (supra) it was determined that an automobile owner who left his car with a used-car dealer could not recover the car from an innocent purchaser for value despite the fact that the owner was not paid by the used car dealer. In entering judgment for the buyer in the original owner’s replevin action, the court said that the orginal owner entrusted possession of the truck to the dealer within the meaning of subdivisions 2 and 3 of section 2-403 of the Uniform Commercial Code. By giving the auto dealer possession of the car, the original owner gave also the power to transfer all of his rights to a buyer in the ordinary course of business, as defined in subdivision (9) of section 1-201 of the code.
Accordingly, partial summary judgment is directed in favor of the plaintiff and against the defendants, Tinker National Bank and Falkner. The assessment of damages against said defendants is set down for trial at a Trial Term of this court at 9:30 a. m. at a date to be specified in the order to be settled herein, subject to the further disposition of the Justice then presiding.