Michael SPUNGIN and Hanna Mandel, Plaintiffs,

v.

CHINETTI INTERNATIONAL MOTORS, Citytrust and Thomas Parker, Defendants.

No. 80 C 3487.

United States District Court, E. D. New York.

June 4, 1981.

**32**

Hoffman, Pollok & Gasthalter by John L. Pollok, New York City, for plaintiffs.

Obermaier, Morville & Abramowitz by Mary McGowan Davis, Otto G. Obermaier, New York City, for defendant Citytrust.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

Plaintiffs commenced this action seeking a declaration that Hanna Mandel is the title owner of a 1980 Ferrari GTSi automobile purchased in New York for over $50,000 from defendant Chinetti Motors (now in bankruptcy). The principal target of the suit is defendant Citytrust, a Connecticut bank, which had previously financed Chinetti pursuant to a floor plan arrangement. Injunctive relief is sought against Citytrust (1) prohibiting it from transferring, encumbering or otherwise dealing with the automobile's certificate of origin and (2) compelling the bank to transfer the same to Mandel, who needs it to obtain a first certificate of title in order to register and use the car in New York State. See N.Y. Vehicle and Traffic Law, §§ 2101–2135 (McKinney's 1980 Supp.). Citytrust purports to hold the certificate of origin as collateral for loans to Chinetti under the floor plan arrangement. The underlying issue ultimately to be litigated is whether the bank's perfected security interest in the automobile has priority over plaintiffs' claim to the car as buyers in the ordinary course of business. N.Y. UCC § 9–307; Vehicle and Traffic Law, § 2103(c). The question now before the Court is where that issue is to be decided.

Citytrust appeared specially to contest the Court's personal jurisdiction over it, or to change venue to the District of Connecticut. It appears that Citytrust is organized, chartered and exists under the banking laws of Connecticut; has its principal office within that State at Bridgeport; has no office, agent or employees in New York State and is not authorized to and does not do or solicit any business here. Plaintiffs having failed to controvert any of the above facts, it is plain that personal jurisdiction cannot be sustained under N.Y. CPLR § 301. *See, e. g., J. Baranello & Sons v. Hausmann Industries, Inc.*, 86 F.R.D. 151, 156 (E.D.N.Y.1980).

Relying, however, on *Alan Howard, Inc. v. American Acceptance Corp.*, 35 A.D.2d 923, 316 N.Y.S.2d 1 (1st Dep't 1970), plaintiffs suggest that CPLR § 302(a)(1) provides jurisdiction because the bank "transacted business" in New York by "floor planning" Chinetti's operations, including the New York showroom where plaintiffs claim they purchased the car. Questions of the bank's knowledge of Chinetti's operations aside, the facts of *Alan Howard* readily distinguish that case from this one. The defendant there had perfected its security agreement with the judgment debtor of the plaintiff by duly filing a financing statement with the New York authorities covering certain of the judgment debtor's assets and pursuant thereto had liquidated a leasehold and security deposit on New York property, applying these amounts to its own debt while it assertedly knew the judgment debtor was insolvent. The action was to set aside the transfer. The filing and liquidation in *Alan Howard* were plainly "purposeful acts" occurring in New York. By contrast, the financing agreement in this case was entered into and perfected by filing in Connecticut, the certificate of origin has remained in Connecticut, and the automobile was equipped with Connecticut dealer's plates. Against these undisputed assertions by Citytrust, the solitary circumstance that an automobile subject to the Connecticut financing agreement was sold in New York falls short of a showing that the bank committed any of the purposeful acts that § 302(a)(1) requires.

■ Plaintiffs, however, principally rely on CPLR § 314(2) to sustain jurisdiction. This provision permits service to be made "without the state" in an action

"where a judgment is demanded that the person to be served be excluded from a vested or contingent interest in or lien upon specific real or personal property within the state; or that such an interest or lien in favor of either party be enforced, regulated, defined or limited; or otherwise affecting the title to such property, including an action of interpleader or defensive interpleader."

Citytrust acknowledges the surface applicability of the above provision to the present case but seeks to avoid or limit its effect by two contentions.

First, Citytrust argues that the assertion of *quasi in rem* jurisdiction in this case does not satisfy the "minimum contacts" rule which now clearly applies to "'all assertions of state-court jurisdiction.'" *Rush v. Savchuk*, 444 U.S. 320, 327, 100 S.Ct. 571, 577, 62 L.Ed.2d 516 (1980), quoting *Shaffer v. Heitner*, 433 U.S. 186, 212, 97 S.Ct. 2569, 2584, 53 L.Ed.2d 683 (1978). That argument overlooks the fact that the bank itself is asserting a security interest in a moveable chattel now located in New York. Although the claim is predicated upon a filing in Connecticut pursuant to that State's version of Article 9 of the Uniform Commercial Code, it is clear that Citytrust expected it would thereby secure protection in New York or in any other State where the vehicle was located. New York is thus the appropriate jurisdiction where the interest of either party in the automobile may "be enforced, regulated, defined or limited ...." CPLR § 314(2), *supra*.

Next, Citytrust contends that even if *quasi in rem* jurisdiction is available under § 314(2), the Court may not enter a decree directing it to transfer the certificate of origin to plaintiffs. See *Kelly v. Stanmar, Inc.*, 51 Misc.2d 378, 273 N.Y.S.2d 276 (Sup. Ct., Nassau Co. 1966); *Engel v. Engel*, 22 N.Y.S.2d 445 (Sup.Ct., New York Co. 1940). But even if that were correct, it does not render the action futile. Plainly there is jurisdiction to declare plaintiffs the rightful owners of the Ferrari, which the facts adduced thus far would tend to support. See

N.Y. UCC §§ 2–403; 9–307; Vehicle and Traffic Law, § 2103(c); *Makransky v. Long Island Reo Truck Co.*, 58 Misc.2d 338, 295 N.Y.S.2d 240 (Sup.Ct., Suffolk Co. 1968).

Accordingly, defendant Citytrust's motion to dismiss the complaint is denied.

SO ORDERED.