Weisel, Appellant, *v.* McBride.

Argued November 9, 1959. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (RHODES, P. J., absent).

*Leland W. Walker,* with him *Walker & Kimmel,* for appellant.

*Charles H. Coffroth,* for appellees.

OPINION BY HIRT, J., December 17, 1959:

The plaintiff on June 6, 1957 bought a Studebaker Station Wagon from the defendant, James McBride trading as McBride Motor Sales, who at the time was an authorized distributor or dealer for Studebaker cars. He paid this defendant the sale price in full, including the Pennsylvania Sales Tax and the fee for registration of title in his name. Thereupon, on the above date, possession of the automobile was given to the plaintiff and he then signed an application for title to the car in his name and delivered the application to McBride for forwarding to the proper authorities. Notwithstanding he had been paid the full consideration for the sale, McBride subsequently, on June 12, 1957, executed a collateral mortgage in favor of The County Trust Company under an existing floor plan agreement which McBride had with that bank. The mortgage covered the identical car sold and delivered to the plaintiff. Accompanying the mortgage McBride

gave his note to the bank for $2,411.66, the amount of his debt as stated in the collateral mortgage. McBride then sent in his own application for title to the car, instead of the plaintiff's and a certificate of title was issued by the Commonwealth of Pennsylvania in the name of McBride Motor Sales with an encumbrance of $2,411.66 in favor of County Trust Company noted thereon. The Trust Company, subsequently, on May 1, 1958 assigned the above note and the collateral mortgage to the defendant John P. McNelly. Title to the car with the encumbrance noted thereon was also assigned to McNelly by McBride. In this action in equity the plaintiff sought a mandatory injunction directing McNelly to deliver to him, Charles A. Weisel, Jr., a certificate of title in his name for the Studebaker Station Wagon, free and clear of all encumbrances, and without further cost to him. The court after hearing, refused relief and dismissed the complaint; hence this, the plaintiff's appeal.

On August 16, 1956 a financing statement had been filed by McBride Motor Sales in the Prothonotary's office of Somerset County under §9-302 of the Uniform Commercial Code of April 6, 1953, P. L. 3, 12A PS §9-302, for the wholesale "floor planning" of Studebaker and Packard automobiles not to exceed four cars at any one time, at factory delivered prices. Plaintiff has recently traded the Studebaker in on a new automobile in one of the western states and it is important that he assign to the new owner his title to the station wagon here involved.

The Uniform Commercial Code in §9-307, 12A PS §9-307, provides: "(1) In the case of inventory, and in the case of other goods as to which the secured party files a financing statement in which he claims a security interest in proceeds, a buyer in ordinary course of business takes free of a security interest even though perfected and even though the buyer knows of the terms

of the security agreement." And under the heading: "Power to Transfer; Good Faith Purchase of Goods; 'Entrusting' " the Code in §2-403, 12A PS §2-403, provides: "(1) A purchaser of goods acquires all title which his transferor has or has power to transfer except that a purchaser of a limited interest acquires rights only to the extent of the interest purchased. A person with voidable title has power to transfer a good title to a good faith purchaser for value. (2) Any entrusting of possession of goods to a merchant who deals in goods of that kind gives him power to transfer all rights of the entruster to a buyer in ordinary course of business. (3) 'Entrusting' includes any delivery and any acquiescence in retention of possession regardless of any condition expressed between the parties to the delivery or acquiescence and regardless of whether the procurement of the entrusting or the possessor's disposition of the goods have been such as to be larcenous under the criminal law." In the Comment on this section it is said in 12A PS §2-403: "The many particular situations in which a buyer in ordinary course of business from a dealer has been protected against reservation of property or other hidden interest are gathered by subsections (2)-(4) into a single principle protecting persons who buy in ordinary course out of inventory. Consignors have no reason to complain, nor have lenders who hold a security interest in the inventory, since the very purpose of goods in inventory is to be turned into cash by sale." The instant case presents one of "the many situations" in which the Commercial Code intends to protect "persons who buy in ordinary course out of inventory" as did the plaintiff in this case. It was the obligation of McBride when he received the entire consideration for the sale from Weisel, to satisfy any outstanding "security interest" against the Studebaker Station Wagon. Instead, McBride fraudulently created a new debt with

the identical automobile as security in an accompanying mortgage. The fraud was inexcusable on any ground for notwithstanding the appearance of regularity, he used the property of another—the automobile which had been sold to Weisel—as security for his debt. A transaction, even such as this, may be good between the parties but in this case the mortgage was wholly void as to Weisel under the above sections of the Commercial Code.

Plaintiff did not have a remedy at law and equity was available to him to compel the defendant to assign to him the record title of the automobile which Weisel had bought and paid for. The court refused relief and dismissed the proceedings but without making findings of fact. In general specific findings of fact are essential to a valid decree in equity under Equity Civil Procedure Rule 1517, 369 Pa. xxxviii, 12 PS 1958 Cumulative Annual Pocket Part. But the absence of findings in this case does not prevent us, under the circumstances, from disposing of the question involved in this appeal with finality. The facts are not in dispute in any respect and the law does not require the doing of a vain thing. Here as in *Com. Trust Co. v. Cirigliano,* 352 Pa. 108, 41 A. 2d 863 there can be but one conclusion upon undisputed facts which entitles the plaintiff to equitable relief under the Uniform Commercial Code regardless of the lack of formal compliance with Equity Rules which contemplate specific "findings of fact" in paragraphs consecutively numbered.

The order is reversed and the action is remanded to the lower court for the entry of a mandatory decree directing the defendants James McBride and John P. McNelly to deliver to the plaintiff the title to the 1957 Studebaker Station Wagon, engine number 12223680, free and clear of all encumbrances and without further cost to him.