624 A.2d 1075

Ronald D. PULEO and M. Elizabeth Puleo,
Husband and Wife, Appellees,

v.

Regis THOMAS and Donna Thomas, Husband and
Wife, and Leroy Thomas and Louisa Thomas,
Husband and Wife, Appellants.

Superior Court of Pennsylvania.

Argued Dec. 9, 1992.

Filed May 19, 1993.

Robert P. Petyak, Ebensburg, for appellants.

Thomas J. Sibert, Ebensburg, for appellees.

Before TAMILIA, HUDOCK and MONTGOMERY, JJ.

MONTGOMERY, Judge.

The plaintiff-appellees, Ronald D. and M. Elizabeth Puleo, instituted the instant equity action, requesting an injunction against the defendant-appellants. By this suit, the plaintiffs sought to stop the defendants from placing encroachments upon a right-of-way which allegedly interfered with the plaintiffs' ingress to and egress from their residence. After conducting hearings, the trial court ordered the defendants to remove any and all obstructions which they had placed within the parameters of the roadway which comprised the right-of-way. In the alternative, the court granted the defendants the option of fulfilling three conditions: (1) removing all barriers from the right-of-way except springs and septic leach fields; (2) marking the boundaries of the septic leach fields and springs with protective devices, subject to approval of said boundaries and devices by the court prior to installation; and (3) paying the plaintiffs $6,000.00 each, a total of $12,000.00, in compensation for plaintiffs' difficulties, inconvenience and expenses caused by the obstructions on the right-of-way. The court further ruled that if all defendants did not agree to fulfill the three alternative conditions, all of the encroachments had to be removed. Exceptions, in the form of a posttrial motion, were filed by the defendants. The trial court denied those exceptions, and entered a final order in the case. The defendants thereafter filed the instant appeal.

The defendants have raised a number of contentions of error by the trial court in this equity case. They first maintain that the trial court failed to make specific findings of fact, but only stated conclusory determinations to support its equitable order. The defendants next argue that the evidence did not support the trial court's factual or legal conclusions or its decree. In support of their second argument, the defendants rely on many matters placed into evidence in the hearings before the trial court.

We first note that the defendants, in their posttrial motion, failed to raise the specific contention that the trial court's adjudication did not include a detailed recitation of findings of fact. Of course, a failure to raise an issue in

posttrial motions or exceptions would normally result in a waiver of that issue for purposes of appellate review. *Taylor v. Celotex Corp.*, 393 Pa.Super. 566, 574 A.2d 1084 (1990); Pa.R.Civ.P. 227.1(b). However, the defendants' posttrial exceptions did challenge the trial court's factual determinations, and argued that they were not supported by the record. As discussed above, such arguments are again raised on appeal by the defendants. In such a setting we must assure that the trial court's adjudication and decree nisi are supported by an adequate statement of the facts, so as to provide an adequate basis for appellate review. *Purdy v. Zaver*, 398 Pa.Super. 190, 580 A.2d 1127 (1990); *Fiumara v. Fiumara*, 285 Pa.Super. 340, 427 A.2d 667 (1981). We are constrained to conclude that the adjudication in this case is deficient in failing to detail factual findings in a manner which will permit meaningful review.

■ Pa.R.Civ.P. 1517(a), which governs adjudications in equity proceedings, states:

"(a) The court shall make an adjudication and may do so before the testimony has been transcribed. The adjudication shall consist of (1) a statement of the issues; (2) a closely condensed chronological statement, in narrative form or in separate findings, of all the facts which are necessary to be known in order to determine the issues; (3) a discussion of the questions of law involved and the court's conclusions of law and (4) a decree nisi."

While equity courts customarily prepare, or recite on the record, numbered and detailed findings of law and fact, it is clear that the Rule does not require numerated findings, and allows an adjudication and discussion in narrative form. *Purdy v. Zaver, supra; Fiumara v. Fiumara, supra; Omrcanin v. Hassler,* 8 Pa.Cmwlth. 224, 226, n. 2, 302 A.2d 878, 882, n. 2 (1973). Without specific findings of fact, however, an equity decree is not valid. *Weisel v. McBride,* 191 Pa.Super. 411, 156 A.2d 613 (1959).

The trial court's adjudication in this case was set forth in an opinion and order it issued on January 21, 1991. After briefly reciting a general description of the case and the plaintiffs'

requested relief in a single introductory sentence, the court set forth only the following, regarding the facts:

"The Court held a view of this right of way and was impressed with the difficulties presented by the topography that is not evident from a two-dimensional map. The right of way cuts along ground that has rather steep slopes in areas. These slopes greatly diminish the possible solutions in this case because they would require great expense to relocate the travelled portion of the right of way.

The subject right of way was used by all three (3) parties, and there is no dispute that the Plaintiffs have a right to use the right of way in question. The Court finds that the Defendants had no legal right to place obstructions within the parameters of the right of way. The evidence definitely established that the Defendants' encroachments have caused interference with the Plaintiffs' use of the right of way, and have made travel on the lane increasingly more difficult, inconvenient, costly, and dangerous than it would be without the impediments."

It is evident that the foregoing recitation by the trial court does not comply with the requirements of Rule 1517(a), nor provide a basis for our court to engage in a meaningful appellate review.[1] The trial court's adjudication does not address, in any detail, the significant evidence presented by the parties during two days of hearings. Such evidence consisted of testimony by the parties and other witnesses, including a surveyor and an engineer. Photographs, a survey, correspondence, an engineer's report and drawings were also introduced into evidence. There were significant factual issues raised concerning a number of matters, including the exact nature of the claimed right-of-way and whether or not the alleged obstructions created difficulties in the plaintiffs' ingress and egress from their property. The trial court's opinion does not provide any explanation of its findings regarding the many factual matters and legal questions in

1. The trial court did not orally declare any findings of fact on the record during the proceedings in this case.

dispute in the litigation. Rather, it only briefly and generally states some broad conclusions to support the court's order.

We recognize that in some other cases where a chancellor's findings have been deficient, appellate courts have conducted an independent review of the record to determine whether the chancellor's conclusory findings had support in the underlying facts. See *Lefkowicz v. Blumish,* 442 Pa. 369, 275 A.2d 69 (1971); *Lombardo v. DeMarco,* 350 Pa.Super. 490, 504 A.2d 1256 (1985). However, because a remand of this case is required on other grounds, as will be discussed later in this opinion, it is appropriate that we also direct the trial court, after remand, to prepare a detailed adjudication, in compliance with Rule 1517.

The issue which causes us to remand this case for further action is the appellants' challenge to the alternative remedial option the trial court offered them, which included an award of money damages in the amount of $12,000.00. Our review of the record did not reveal any evidentiary basis for the computation of such compensatory damages.[2] A court in equity has the jurisdiction to award damages, in addition to providing for equitable relief. *See, Frankel v. Northeast Land Co.,* 391 Pa.Super. 226, 570 A.2d 1065 (1990). However, a court may not award damages without any evidentiary basis in the record for doing so. *Maxwell v. Schaefer,* 381 Pa. 13, 112 A.2d 69 (1955). Because the record evidence does not appear to support any damage award, it is clear that we must vacate the trial court's order, and remand this case for further consideration.

In such circumstances, we decline to now review other issues raised by the appellants, which obviously would be more efficiently reviewed after a detailed adjudication is prepared in the trial court. If either party wishes to appeal after the trial court prepares its adjudication, and revises its order, it is likely that one or more issues raised on appeal will be directed toward specific factual determinations enunciated in the adjudication. Also, new issues may arise for appellate consider-

2. We also note that the plaintiffs did not specifically request monetary damages in their complaint in this case.

ation, while others may be resolved and not be presented for review in future appeal proceedings. Accordingly, we will not retain jurisdiction over this action.

The order of the trial court is vacated and this case is remanded for reconsideration and further action consistent with this opinion. Jurisdiction is not retained.