651 A.2d 160

James K. ROLLA, Appellant,

v.

WESTMORELAND HEALTH SYSTEM, Westmoreland Hospital, Westmoreland Mental Health Center, Dennis Donahue, Mary Jane Grisnik, Dr. Dale B. Fruman, Dr. Margaret Boerio, Appellees.

Superior Court of Pennsylvania.

Argued Oct. 5, 1994.

Filed Dec. 13, 1994.

James K. Rolla, appellant, pro se.

John K. Heisey, Pittsburgh, for appellees.

Before CAVANAUGH, POPOVICH and HESTER, JJ.

CAVANAUGH, Judge:

This is a pro se appeal from an order granting appellees' preliminary objections in the nature of a demurrer, and the resulting dismissal with prejudice of appellant's suit against appellees. We affirm.

Appellant, James Rolla, was involved in a child custody dispute with his ex-wife. Pursuant to that action (filed at No. 4014 of 1989 in the Court of Common Pleas of Westmoreland County), the court appointed appellees, Westmoreland Mental Health Center, to conduct psychiatric and psychological evaluations of appellant and his minor daughter and to submit reports of its findings to the court. Based on the allegedly false, deceptive and incomplete content of those reports, appellant sued appellees, claiming *inter alia,* that the reports caused him to suffer humiliation, embarrassment and mental anguish.

Appellees filed preliminary objections to the complaint, asserting that the reports were absolutely privileged and could not give rise to civil liability because they were issued in the regular course of judicial proceedings and were pertinent and material to the issues involved in the custody action. Appellees further asserted that appellant's claim of emotional distress failed to state a cause of action upon which relief could be granted because appellant had not alleged that his emotional distress had in any way manifested itself in a physical injury or illness.

Argument on the preliminary objections took place on January 28, 1994. Although appellant was present, the court did not allow him oral argument as a sanction for his failure to file

a brief in opposition to the preliminary objections as required by local rule. On that same date, the court issued an Opinion and Order granting appellees' preliminary objections and dismissing the case with prejudice. It is from that order that the present appeal is taken.

Appellant raises three issues for our review. First, appellant maintains that the court erred in determining that the submitted reports were absolutely privileged. Second, appellant maintains it was error to dismiss his emotional distress claim. Third, appellant contends the court erred in not allowing him to present oral argument.

█ Our standard of review of an order granting preliminary objections in the nature of a demurrer is well settled.

All material facts set forth in the pleadings as well as all inferences reasonably deductible therefrom are admitted as true for the limited purpose of this review. The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it. In reviewing the grant of a demurrer we are not bound by the inferences drawn by the trial court, nor are we bound by its conclusions of law. Furthermore, we will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that further proceedings would be clearly fruitless.

*Hart v. O'Malley*, 436 Pa.Super. 151, 647 A.2d 542 (1994) (citations omitted). Additionally, on appeal, we will not reverse a trial court's dismissal of an action with prejudice absent an abuse of discretion. *Stock v. Arnott*, 415 Pa.Super. 113, 608 A.2d 552 (1992). After careful review of the record, we conclude that on the facts averred, no recovery is possible for appellant and appellees' right to succeed is certain. We accordingly affirm the court's grant of the demurrer.

■ It is well settled that statements made in the pleadings, trial or argument of a case, when relevant and material to the issues involved, are subject to an absolute privilege:

When alleged libelous or defamatory matters or statements, or allegations or averments in pleadings or in the trial or argument of a case are pertinent, relevant and material to any issue in a civil suit, there is no civil liability for making any of them.

*Post v. Mendel*, 510 Pa. 213, 220, 507 A.2d 351, 355 (1986) (quoting *Greenberg v. Aetna Insurance Co.*, 427 Pa. 511, 514, 235 A.2d 576, 577 (1967), *cert. denied* 392 U.S. 907, 88 S.Ct. 2063, 20 L.Ed.2d 1366 (1968)).

■ One of the justifications for the privilege is to encourage complete and unintimidated testimony:

The reasons for the absolute privilege are well recognized. A judge must be free to administer the law without fear of consequences. This independence would be impaired were he to be in daily apprehension of defamation suits. The privilege also extends to parties to afford freedom of access to the courts, **to witnesses to encourage their complete and unintimidated testimony in court,** and to counsel to enable him to best represent his client's interests.

*Id.* (quoting *Binder v. Triangle Publications, Inc.*, 442 Pa. 319, 323–24, 275 A.2d 53, 56 (1971) (emphasis added)).

■ In *Ganassi v. Buchanon Ingersoll, P.C.*, 373 Pa.Super. 9, 540 A.2d 272 (1988), this Court held that the privilege applied to a letter submitted to a federal district court, at its request for input from persons having interest in a debtor corporation's bankruptcy. Instantly, the reports complained of were also submitted to the court at its request.[1] We note that while copies of the reports were not included in the record certified to us, and therefore could not be independently reviewed, nowhere in his complaint did appellant allege that the reports were not pertinent and material to the issues involved in his child custody case. Given that the reports

1. The court requested submission of the reports in its Order dated January 22, 1993.

were submitted in the regular course of judicial proceedings and in view of our Supreme Court's stated desire to encourage complete and unintimidated testimony, we must conclude that the reports complained of were absolutely privileged and could not give rise to any civil liability. Appellant's first issue is accordingly dismissed.

Appellant's second issue alleges error in the court's dismissal of his emotional distress claim. The court dismissed the claim on the grounds that appellant alleged no resulting physical injury. Appellant asserts that emotional harm is just as damaging as physical harm and contends that "in the area of damages, it is believed that recent United States Supreme Court cases in the area of discrimination establish that physical harm is not necessary to have occurred." Appellant has cited no case law to support this contention, however.

■ Although "there is much controversy over whether Pennsylvania jurisprudence recognizes the tort of intentional infliction of emotional distress," *Hart v. O'Malley*, 436 Pa.Super. at 174, 647 A.2d at 553, "... it is clear that ... in order to state a claim under which relief can be granted for the tort of *intentional* infliction of emotional distress, the plaintiffs must allege physical injury." *Id.* at 647 A.2d at 554 (emphasis added). Pennsylvania case law similarly establishes that, except in limited, compelling circumstances, not applicable here, a claimant may not recover damages for *negligently* inflicted emotional distress in the absence of attendant physical injury. *Houston v. Texaco, Inc.*, 371 Pa.Super. 399, 538 A.2d 502 (1988) *alloc. denied*, 520 Pa. 575, 549 A.2d 136.[2]

2. For examples of compelling circumstances which work to avoid the general rule, see: *Speck v. Finegold*, 497 Pa. 77, 439 A.2d 110 (1981) (parent allowed recovery for mental distress caused by birth of unplanned, genetically defective child); *Sinn v. Burd*, 486 Pa. 146, 404 A.2d 672 (1979) (recovery for mental distress permitted for parent who witnessed tortious assault upon her minor child); and *Little v. York County earned Income Tax Bureau*, 333 Pa.Super. 8, 481 A.2d 1194 (1984) (allowing recovery by plaintiff who had been wrongfully imprisoned because of negligent misrepresentation to tax bureau that plaintiff had failed to pay taxes).

■ Since appellant did not allege in his complaint that he suffered any physical injury as a result of his "humiliation and embarrassment and mental anguish," he may not recover for that alleged distress whether it was intentionally or negligently inflicted. The court did not err in dismissing appellant's claim of emotional distress and we must accordingly dismiss this issue.

■ Appellant's final issue alleges that the court erred in prohibiting him from presenting oral argument. The court imposed this sanction because appellant failed to file a brief in opposition to appellees' preliminary objections as required by the local Rules of Court of Westmoreland County.

We have previously held that procedural rules, either at the state or local level, are absolutely essential to the orderly administration of justice and the smooth and efficient operation of the judicial process. *Equipment Finance, Inc. v. Toth*, 328 Pa.Super. 351, 476 A.2d 1366 (1984). Additionally, "the application, construction and interpretation of a local rule of court are matters primarily to be determined by the court promulgating the local rule and we will interfere only where the court commits an abuse of discretion." *Id.* at 355, 476 A.2d 1366. Moreover, "an abuse of discretion is not merely an error in judgment; rather it occurs when the law is overridden or misapplied, or when the judgment exercised is manifestly unreasonable or the result of partiality, prejudice, bias, or ill will." *Pilon v. Bally Engineering Structures*, 435 Pa.Super. 227, 645 A.2d 282 (1994) (citations omitted).

In the instant case, we see no abuse of discretion in the court's prohibiting appellant from presenting an oral argument. Moreover, appellant has cited no facts or law he might have raised at oral argument to refute the court's proper legal conclusion that the reports submitted by appellees' were absolutely privileged and that appellant could not sustain a claim for either negligent or intentional infliction of emotional distress without the existence of a concomitant physical injury.

For the foregoing reasons we affirm the court's grant of appellees' preliminary objections in the nature of a demurrer

and the resulting dismissal with prejudice of appellant's lawsuit against appellees.

Order affirmed.