**William Gregory MILLINER, Appellant,**

v.

**G. David ENCK, Thomas Enck, John Enck, Individually and doing business as Enck Brothers Drywall, a Partnership, Appellees.**

Superior Court of Pennsylvania.

Argued Feb. 4, 1998.

Filed March 19, 1998.

Nina B. Shapiro, Lancaster, for appellant.

John Flounlacker, Harrisburg, for appellees.

Before POPOVICH and JOYCE, JJ., and CIRILLO, President Judge Emeritus.

POPOVICH, Judge:

This is an appeal from the order of the Court of Common Pleas entered on June 25, 1997, which sustained appellees' preliminary objections and dismissed appellant's complaint. Herein, appellant questions: "Whether the lower court erred in granting preliminary objections and dismissal of the action as the complaint sufficiently plead (sic) a legal claim alleging libel, slander and defamation for communication unprotected by privilege as the speech was outside the scope of judicial immunity and/or the privilege was abused?" Upon review, we affirm.

On March 20, 1997, appellant filed the complaint *sub judice*, wherein he alleged that appellees published defamatory statements to the Job Center of the Pennsylvania Department of Labor and Industry. In response, appellees filed preliminary objection in which they claimed their statements were subject to the absolute privilege afforded statements made in the course of judicial proceedings. The lower court agreed and dismissed appellant's complaint. This timely appeal followed.

█ When reviewing an order sustaining preliminary objections, we apply the following scope and standard of review as set forth in *Santiago v. Pennsylvania Nat. Mut.*

*Cas. Ins. Co.*, 418 Pa.Super. 178, 613 A.2d 1235, 1238 (1992):

In an appeal from an order sustaining preliminary objections in the nature of a demurrer, the appellate court applies the same standard employed by the trial court; all material facts set forth in the complaint as well as all inferences reasonably deductible therefrom are admitted as true for the purposes of review. The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the demurrer. *Guinn v. Alburtis Fire Co.*, 134 Pa. Cmwlth. 270, 577 A.2d 971 (1990); *Kyle v. McNamara & Criste*, 506 Pa. 631, 487 A.2d 814 (1985).

In reviewing preliminary objections, only facts that are well pleaded, material, and relevant will be considered as true, together with such reasonable inferences that may be drawn from those facts, and preliminary objections will be sustained only if they are clear and free from doubt. *Ohio Casualty Group Ins. Co. v. Argonaut Ins. Co.*, 92 Pa.Cmwlth. 560, 500 A.2d 191 (1985). A preliminary objection should be sustained only where it appears with certainty that, upon the facts averred, the law will not allow the plaintiff to recover. *International Union of Operating Engineers, Local No. 66, AFL–CIO v. Linesville Construction Co.*, 457 Pa. 220, 322 A.2d 353 (1974).

We have reviewed the record in light of the foregoing scope and standard of review, and we adopt the factual and procedural history of this case as set forth by the court below, as follows:

The Plaintiff was employed by the Defendants as a laborer until he was fired by letter dated February 14, 1996. The termination letter indicated that he was being fired for violating the company's policies concerning drugs, lateness and absenteeism. On February 13, 1996, the Plaintiff had filed a complaint with the Lancaster County Human Relations Commission (LCHRC) concerning alleged racial slurs

from other employees. The Defendants were aware of this complaint.

After being fired, the Plaintiff filed a claim for unemployment compensation benefits with the Job Center of the Pennsylvania Department of Labor and Industry (Job Center). On February 19, 1996, the Defendants sent the Job Center a copy of the termination letter, along with another document, explaining in detail the allegations set forth in the termination letter. The Job Center subsequently denied the Plaintiff's request for unemployment benefits on March 3, 1996. The Plaintiff appealed, and a referee reversed the Job Center's decision; he determined that the Defendants fired the Plaintiff because he had filed the complaint with the LCHRC. At no time during the hearing before the referee, did the Defendants introduce into evidence or attempt to prove any facts of the alleged drug use. The referee's decision was affirmed by both the Unemployment Compensation Board of Review and our Commonwealth Court, both finding that he had been fired for filing his complaint with the LCHRC.

Trial Court Opinion, pp. 2–3.

Appellant complains that appellees' communications with the Job Center were defamatory. In response to appellant's claim for unemployment benefits, appellees provided the Job Center with a copy of its termination letter to appellant and a supplemental letter which included "Additional Information." Basically, appellees stated in those letters that appellant sold and consumed illegal drugs, was on parole, was repeatedly late for work and had numerous unexcused absences. As previously stated, appellees did not present any evidence of appellant's alleged drug activities or his parole status at any hearing during the unemployment compensation litigation.

▮ In response to appellant's defamation complaint, appellees argued that their statements to the Job Center were absolutely privileged because they were made during a judicial proceeding, i.e., an unemployment compensation action. It is well settled that: "When alleged libelous or defamatory matters, or statements, or allegations and averments in pleadings or in the trial or argument of a case are pertinent, relevant and material to any issue in a civil suit, there is no civil liability for making any of them." *Post v. Mendel*, 510 Pa. 213, 220, 507 A.2d 351, 355 (1986), quoting *Greenberg v. Aetna Insurance Co.*, 427 Pa. 511, 514, 235 A.2d 576, 577 (1967), *cert. denied*, 392 U.S. 907, 88 S.Ct. 2063, 20 L.Ed.2d 1366 (1968); *Kemper v. Fort*, 219 Pa. 85, 93, 67 A. 991, 994 (1907); *Rolla v. Westmoreland Health System*, 438 Pa.Super. 33, 651 A.2d 160, 161 (1994); Restatement of Torts, 2nd, §§ 585, 586, 587. In fact, "[a]ll communications pertinent to any stage of a judicial proceeding are accorded an absolute privilege which cannot be destroyed by abuse." *Binder v. Triangle Publications, Inc.*, 442 Pa. 319, 323, 275 A.2d 53, 56 (1971); *Smith v. Griffiths*, 327 Pa.Super. 418, 476 A.2d 22, 24 (1984).

The courts of this Commonwealth have not heretofore held that unemployment compensation proceedings are "judicial proceedings" such that communications directly related thereto are absolutely privileged. However, appellant has conceded that statements made in relation to proceedings before an Unemployment Compensation Referee, the Unemployment Compensation Board of Appeals, or the Commonwealth Court are subject to an absolute privilege. *See* Appellant's Brief, p. 9. Thus, the general issue of whether the absolute privilege for statements made in relation to a judicial proceeding is equally applicable to statements made in an unemployment compensation proceeding is not before this court. *Puleo v. Thomas*, 425 Pa.Super. 285, 624 A.2d 1075 (1993) (issues not raised before lower court are normally waived for the purpose of appeal).[1]

---

1. We reiterate that our decision today should be not be interpreted as holding that unemployment compensation proceedings are "judicial proceedings" such that an absolute privilege applies to statements made in conjunction with the determination of benefits, since that issue is not before us. Appellant has conceded that issue, and, consequently, we assume for the purposes of this appeal that unemployment compensation proceedings are "judicial proceedings" such that absolute privilege applies.

However, we note that the lower court did hold that administrative proceedings similar to

■ Herein, appellant only claims that statements made to the Job Center, which relate to the initial determination of an employee's eligibility for unemployment benefits are not part of the "judicial proceedings," and, therefore, appellees' statements are not cloaked with the absolute privilege. More particularly, appellant notes that appellees did not present any evidence or argument related to his alleged drug use and parole status at the hearings before the Referee and the Unemployment Compensation Board of Review or in the argument before the Commonwealth Court. Consequently, appellant submits the allegedly defamatory statements made in the communications published to the Job Center were not "relevant and material" to the judicial proceedings and, thus, were not absolutely privileged from liability for defamation.

■ We must reject appellant's argument. It is clear that an allegedly defamatory communication is absolutely privileged when it is published prior to a "judicial proceeding" as long as that communication has a bearing on the subject matter of the litigation. Restatement of Torts, 2nd, §§ 586, 587. As comment c of § 587 of the Restatement of Torts, 2nd, reveals:

It is not necessary that the defamatory matter be relevant or material to any issue before the court. It is enough that it have some reference to the subject of the inquiry. Thus, while a party may not introduce into his pleadings defamatory matter that is entirely disconnected to the litigation, he is not answerable for defamatory matter volunteered or included by way of surplusage in his pleadings if it has any bearing upon the subject matter of the litigation. The fact that the defamatory publication is an unwarranted reference from the alleged or existing facts is not enough to deprive

---

unemployment compensation proceedings are judicial in character. *Shortz v. Farrell*, 327 Pa. 81, 85–87, 193 A. 20, 21–22 (1937) (workers' compensation proceedings are essentially judicial in character); *see also Urbano v. Meneses*, 288 Pa.Super. 103, 431 A.2d 308 (1981) (zoning hearing board is a quasi-judicial tribunal which enjoys absolute judicial immunity). Therefore, the lower court applied the absolute privilege to appellees' allegedly defamatory statements. The "judicial proceeding" wherein absolute privilege attaches has not been precisely defined in our Commonwealth. However, it has been defined to include any hearing before a tribunal which performs a judicial function, including many administrative officers, boards and commissions, so far as they have powers of discretion in applying the law to the facts which are regarded as judicial or "quasi-judicial" in character. Prosser, Torts (4th Ed.), § 114, pp. 779–80. In fact, we have previously held that the absolute privilege accorded communications pertinent to a judicial proceeding applied to letters written by counsel, on behalf of his client, to a "quasi-judicial" officer appointed to hear certain divorce issues. *Smith*, 476 A.2d at 24–25.

We further note that the majority of jurisdictions apply absolute privilege to defamatory statements which are made in relation to a "quasi-judicial" proceeding. *See e.g., LaPlante v. United Parcel Service, Inc.*, 810 F.Supp. 19 (D.Me.1993) (employer's response to report of Maine Human Rights Commission's investigator was absolutely privileged); *Walker v. Gibson*, 633 F.Supp. 88 (N.D.Ill.1985) (allegedly defamatory statements made before grievance committee were entitled to absolute judicial immunity); *Hope v. National Alliance of Postal and Federal Employees, Jacksonville Local No. 320*, 649 So.2d 897 (Fla.Dist.Ct.App.1995) (allegedly defamatory statements made in course of collective bargaining grievance process when made in connection to the quasi-judicial proceeding are absolutely privileged); *Stiles v. Chrysler Motors Corp.*, 89 Ohio App.3d 256, 624 N.E.2d 238 (1993) (allegedly defamatory statements were absolutely privileged where statements were made in relation to National Labor Relations Act grievance proceeding); *Story v. Shelter Bay Company*, 52 Wash. App. 334, 760 P.2d 368 (1988) (allegedly defamatory statements made in complaint to Department of Housing and Urban Development and state department of licensing were made in the context of quasi-judicial proceedings and, thus, were absolute privileged); *Julien J. Studley, Inc. v. Lefrak*, 50 App.Div.2d 162, 376 N.Y.S.2d 200 (1975), *aff'd on other grounds*, 41 N.Y.2d 881, 393 N.Y.S.2d 980, 362 N.E.2d 611 (1977) (absolute privilege applied to defamatory statements made by witness before a licensing board in a proceeding to revoke a real estate license); *Ramstead v. Morgan*, 219 Or. 383, 388–89, 347 P.2d 594 (1959) (collection of cases recognizing absolutely privileged statements made before various administrative boards and commission acting in a quasi-judicial manner); "Defamation Administrative Proceeding," 45 A.L.R.2d 1296, 1303.

More significantly, courts of other states have held that defamatory statements made by an employer in response to an employee's claim for unemployment benefits are absolutely privileged. *Magnan v. Anaconda Industries, Inc.*, 37 Conn. Supp. 38, 429 A.2d 492 (1980); *Greene v. Hoiriis*, 103 So.2d 226, (Fla.App.1958) (same); *Sias v. General Motors Corp.*, 372 Mich. 542, 127 N.W.2d 357 (1964) (same).

the party of his privilege, if the inference itself has some bearing upon the litigation. *See Post*, 507 A.2d at 356–357 (Supreme Court, applying Restatement of Torts, 2nd, § 586, held that attorney's letter was not pertinent and material to the redress sought and, consequently, it was not absolutely privileged).

Herein, appellees' statements were certainly relevant and material to the judicial proceeding in question and were made in relation to the judicial proceedings before the Unemployment Compensation Referee, Unemployment Compensation Board of Review and, ultimately, the Commonwealth Court. In this case, appellees' statements to the Job Center were essentially their "answer" to appellant's "complaint" for unemployment compensation benefits. 43 P.S. §§ 821, 822. Appellant's alleged drug use and trafficking at work while on parole was certainly relevant and material to his eligibility for unemployment benefits. *See* 43 P.S.§ 802(e) (employee is not eligible for unemployment benefits where he was discharged for willful misconduct); *Knarr v. Unemployment Compensation Bd. of Review*, 134 Pa.Cmwlth. 613, 579 A.2d 464 (1990) (drug activities by employee at the workplace constituted "willful misconduct," precluding unemployment benefits). The fact that appellees, for whatever reason, chose not to introduce evidence of the alleged drug involvement at the appeal hearing before the Referee does not divest the communication of its absolute privilege since it was published in relation to a "judicial proceeding."

In the alternative, appellant contends that an absolute privilege may be lost if abused, and appellees' publication of the statements to the Job Center constituted such abuse because the statements were "superfluous to the purpose of employment termination." Appellant's Brief, pp. 10–11. We also reject this argument. First, appellant's argument is unsupported by the case law that he cites. *Centennial School District v. Independence Blue Cross*, 885 F.Supp. 683 (E.D.Pa.1994), *Simms v. Exeter Architectural Products*, 916 F.Supp. 432 (M.D.Pa.1996), *Elia v. Erie Ins. Exchange*, 430 Pa.Super. 384, 634 A.2d 657 (1993), and *Maier v. Maretti*, 448 Pa.Super. 276, 671 A.2d 701 (1995), all involve the abuse of a *conditional* privilege and, thus, are inapposite to cases involving an absolute privilege.[2]

Second, where statements are made in the course of judicial proceedings, it is clear that such statements are absolutely privileged, and "[h]owever false and malicious, they are not libelous." *Greenberg*, 235 A.2d at 578, quoting *Kemper*, 67 A. at 994; *Post*, 507 A.2d at 353–55. As previously stated, appellees' statements were written in response to appellant's claim for unemployment compensation benefits and, thus, are absolutely privileged. *Compare Post, supra* (extra-judicial communication which was not relevant to subject matter of litigation was not absolutely privileged).[3]

Accepting as true all of the facts set forth in appellant's complaint, we are certain that the law will not allow appellant to recover based upon those facts. The statements published by appellees to the Job Center are

---

2. A conditional privilege may be overcome by showing, *inter alia*, that the contents of the defamatory statement were false and the publication was motivated by express malice. *Elia*, 634 A.2d at 657. However, an absolute privilege may be overcome only when the privileged statement is defamatory and the publication is not related to the purpose of privilege. *E.g. Post, supra* (attorney's extrajudicial communication was not subject of absolute privilege where it was not related to litigation); *Yetter v. Ward Trucking Corp.*, 401 Pa.Super. 467, 585 A.2d 1022, 1024–25 (1991) (absolute privilege of statements made by employer in termination letter are abused and, thereby, lost only when the employer publishes the defamatory material to unauthorized parties).

3. Further, we note, as did the trial court, that the absolute privilege exists, in part, because the courts have other internal sanctions against defamatory statements, such as perjury and contempt proceedings. *Binder*, 275 A.2d at 56. Herein, if appellant felt aggrieved by appellees' statements, he could have availed himself of the procedures set forth in the Unemployment Compensation Law which punishes knowingly false statements made in connection with an unemployment compensation proceeding. *See e.g.*, 43 P.S. § 872 (employer who makes a knowingly false statement may be convicted thereof in a summary proceeding and sentenced to pay a fine).

absolutely privileged from liability for defamation because they were made in relation to appellant's claim for unemployment compensation benefits. Accordingly, we hold that the lower court properly sustained appellees' preliminary objections and dismissed appellant's complaint.

Order affirmed.