## Beck v. Krell

C.P. of Wayne County, no. 251-1999-Civil

*Alida O'Hara,* for plaintiff.

*Thomas R. Daniels,* for defendants Ruth A. Krell, Cove Haven and Caesars Pocono Resorts.

*Carmina M. Rinkunas,* for defendants Susan C. Zamesnik and Unemployment Tax Advisory Corporation.

CONWAY, *P.J.,* April 18, 2000—Before the court at this time are preliminary objections filed by Ruth Krell, Cove Haven and Caesar's Pocono Resorts and Susan C. Zamesnik and Unemployment Tax Advisory Corporation, as well as the plaintiff's preliminary objections to the preliminary objections of Ruth Krell, Cove Haven and Caesar's Pocono Resorts. Defendants Ruth A. Krell, Cove Haven and Caesar's Pocono Resorts raise 10 preliminary objections: (1) Plaintiff failed to abide by an

agreement for alternative dispute resolution; (2) Inclusion of scandalous/impertinent matter; (3) Legal insufficiency for punitive damages; (4) Demurrer to Count 1; (5) Demurrer to Count 3; (6) Demurrer to Count 4; (7) Demurrer to Count 5; (8) Lack of personal jurisdiction; (9) Motion to strike; and (10) Motion for more specific pleadings. Defendants Susan C. Zamesnik and Unemployment Tax Advisory Corporation, allege preliminary objections in the form of a demurrer.

This court shall first examine Cove Haven's claim that there is an agreement for alternative dispute resolution. Cove Haven cites to the mediation policy covering,

"[C]laims for wages or other compensation due; claims for breach of a contract or covenant; tort claims; claims for discrimination including, but not limited to, race, color, sex, religion, national origin, disability, sexual orientation, marital status or age (including, but not limited to, the Age Discrimination and Employment Act of 1967, as amended); claims for denial of benefits; claims for violation of any federal, state or other governmental law, statute, regulation or ordinance; and any other claims arising under common law."

Further, Cove Haven offers an acknowledgment of plaintiff's acceptance to the mediation policy on August 29, 1997 as exhibit-C to preliminary objections. Cove Haven relies upon the explanation in *Messa v. State Farm Insurance Co.,* 433 Pa. Super. 594, 597-98, 641 A.2d 1167, 1168-69 (1994):

"When one party to an agreement seeks to enjoin the other from proceeding to arbitration, judicial inquiry is limited to the question of '(1) whether an agreement to arbitrate was entered into and (2) whether the dispute involved comes within the ambit of the arbitration pro-

vision.' *Rocca v. Pennsylvania General Insurance Co.,* 358 Pa. Super. 67, 70, 516 A.2d 772, 773 (1986), *allocatur denied,* 517 Pa. 594, 535 A.2d 83 (1987). See also, *Wolf v. Baltimore,* 250 Pa. Super. 230, 234, 378 A.2d 911, 912 (1977). Once it has been determined that an agreement to arbitrate exists and that the dispute falls within the arbitration provision, the trial court, pursuant to the provisions of the Uniform Arbitration Act, must order the parties to proceed with arbitration. In such cases, the court is not free to examine the merits of the controversy. Thus, it is provided at 42 Pa.C.S. §7304(a) and (e) in pertinent part, as follows:

"*(a) Compelling arbitration.*—On application to a court to compel arbitration made by a party showing an agreement described in section 7303 (relating to validity of agreement to arbitrate) and a showing that an opposing party refused to arbitrate, the court shall order the parties to proceed with arbitration. . . .

"*(e) No examination of merits.*—An application for a court order to proceed with arbitration shall not be refused, nor shall an application to stay arbitration be granted, by the court on the ground that the controversy lacks merit or bona fides or on the ground that no fault or basis for the controversy sought to be arbitrated has been shown.

"These provisions are applicable both to statutory and common-law arbitration. See 42 Pa.C.S. §7342(a) (Supp. 1993). Accord *Rocca v. Pennsylvania General Insurance, supra,* 358 Pa. Super. at 74, 516 A.2d at 776; *McGinley v. Allstate Insurance Co.,* 352 Pa. Super. 139, 142-43, 507 A.2d 420, 422 (1986)." (footnote omitted)

Plaintiff does not dispute the existence of the agreement nor that the agreement covers these circumstances, but claims that the issue is waived because defendants,

Susan Zamesnik and Unemployment Tax Advisory Corporation began this matter by praecipe to file complaint. However, as plaintiff fails to cite any cases in support of that assertion and Pa.R.C.P. 1028(6) properly allows preliminary objections on the basis of agreement for alternative dispute resolution, this court finds that the preliminary objection of Cove Haven should be granted. Therefore, this court need not decide any further objections of Cove Haven.

Next, this court shall examine UTAC's preliminary objections. UTAC demurs to the allegations in Counts 2, libel and 3, abuse of process, of the complaint. Primarily, this court relies upon the standard as is explained in *Sinn v. Burd,* 486 Pa. 146, 149-50, 404 A.2d 672, 673-74 (1979), as:

"It is axiomatic in the law of pleading that preliminary objections in the nature of a demurrer admit as true all well and clearly pleaded material, factual averments and all inferences fairly deducible therefrom. *Yania v. Bigan,* 397 Pa. 316, 155 A.2d 343 (1959); *Byers v. Ward,* 368 Pa. 416, 84 A.2d 307 (1951). Conclusions of law and unjustified inferences are not admitted by the pleading. *Lerman v. Rudolph,* 413 Pa. 555, 198 A.2d 532 (1964). Starting from this point of reference the complaint must be examined to determine whether it sets forth a cause of action which, if proved, would entitle the party to the relief sought. If such is the case, the demurrer may not be sustained. On the other hand, where the complaint fails to set forth a cause of action, a preliminary objection in the nature of a demurrer is properly sustained."

UTAC relies upon *Rolla v. Westmoreland Health System,* 438 Pa. Super. 33, 37, 651 A.2d 160, 162 (1994) explaining:

"It is well settled that statements made in the pleadings, trial or argument of a case, when relevant and material to the issues involved, are subject to an absolute privilege:

"When alleged libelous or defamatory matters or statements, or allegations or averments in pleadings or in the trial or argument of a case are pertinent, relevant and material to any issue in a civil suit, there is not civil liability for making any of them. *Post v. Mendel,* 510 Pa. 213, 220, 507 A.2d 351, 355 (1986) (quoting *Greenberg v. Aetna Insurance Co.,* 427 Pa. 511, 514, 235 A.2d 576, 577 (1967), *cert. denied,* 392 U.S. 907, 88 S.Ct. 2063, 20 L.Ed.2d 1366 (1968)).

"One of the justifications for the privilege is to encourage complete and unintimidated testimony:

"The reasons for the absolute privilege are well recognized. A judge must be free to administer the law without fear of consequences. This independence would be impaired were he to be in daily apprehension of defamation suits. The privilege also extends to parties to afford freedom of access to the courts, *to witnesses to encourage their complete and unintimidated testimony in court,* and to counsel to enable him to best represent his client's interests. *Id.* (quoting *Binder v. Triangle Publications, Inc.,* 442 Pa. 319, 323-24, 275 A.2d 53, 56 (1971) (emphasis added))."

Further, UTAC cites to the dicta in *Milliner v. Enck,* 709 A.2d 417, 419-20 (Pa. Super. 1998), which explains:

"The courts of this Commonwealth have not heretofore held that unemployment compensation proceedings are 'judicial proceedings' such that communications directly related thereto are absolutely privileged. However, appellant has conceded that statements made in relation to proceedings before an unemployment compensation

referee, the Unemployment Compensation Board of Appeals, or the Commonwealth Court are subject to an absolute privilege. See appellant's brief, p. 9. Thus, the general issue of whether the absolute privilege for statements made in relation to a judicial proceeding is equally applicable to statements made in an unemployment compensation proceeding is not before this court. *Puleo v. Thomas,* 425 Pa. Super. 285, 624 A.2d 1075 (1993), (issues not raised before lower court are normally waived for the purpose of appeal).[1]

---

"1. We reiterate that our decision today should be [sic] not be interpreted as holding that unemployment compensation proceedings are 'judicial proceedings' such that an absolute privilege applies to statements made in conjunction with the determination of benefits, since that issue is not before us. Appellant has conceded that issue, and, consequently, we assume for the purposes of this appeal that unemployment compensation proceedings are 'judicial proceedings' such that absolute privilege applies.

"However, we note that the lower court did hold that administrative proceedings similar to unemployment compensation proceedings are judicial in character. *Shortz v. Farrell,* 327 Pa. 81, 85-87, 193 A. 20, 21-22 (1937) (workers' compensation proceedings are essentially judicial in character); see also, *Urbano v. Meneses,* 288 Pa. Super. 103, 431 A.2d 308 (1981) (zoning hearing board is a quasi-judicial tribunal which enjoys absolute judicial immunity). Therefore, the lower court applied the absolute privilege to appellees' allegedly defamatory statements. The 'judicial proceeding' wherein absolute privilege attaches has not been precisely defined in our Commonwealth. However, it has been defined to

conclude any hearing before a tribunal which performs a judicial function, including many administrative officers, boards and commissions, so far as they have powers of discretion in applying the law to the facts which are regarded as judicial or 'quasi-judicial' in character. Prosser, Torts (4th Ed.), §114, pp. 779-80. In fact, we have previously held that the absolute privilege accorded communications pertinent to a judicial proceeding applied to letters written by counsel, on behalf of his client, to a 'quasi-judicial' officer appointed to hear certain divorce issues. *Smith [v. Griffiths,* 327 Pa. Super. 418], 476 A.2d [22] at 24-25 [(1984)].

"We further note that the majority of jurisdictions apply absolute privilege to defamatory statements which are made in relation to a 'quasi-judicial' proceeding. See *e.g., LaPlante v. United Parcel Service Inc.,* 810 F. Supp. 19 (D. Me. 1993) (employer's response to report of Main Human Rights Commission's investigator was absolutely privileged); *Walker v. Gibson,* 633 F. Supp. 88 (N.D. Ill. 1985) (allegedly defamatory statements made before grievance committee were entitled to absolute judicial immunity); *Hope v. National Alliance of Postal and Federal Employees, Jacksonville Local No. 320,* 649 So.2d 897 (Fla. Dist. Ct. App. 1995) (allegedly defamatory statements made in course of collective bargaining grievance process when made in connection to the quasi-judicial proceeding are absolutely privileged); *Stiles v. Chrysler Motors Corp.,* 89 Ohio App. 3d 256, 624 N.E.2d 238 (1993) (allegedly defamatory statements were absolutely privileged where statements were made in relation to National Labor Relations Act grievance proceeding); *Story v. Shelter Bay Company,* 52 Wash. App. 334, 760 P.2d 368 (1988) (allegedly defamatory statements

made in complaint to Department of Housing and Urban Development and state department of licensing were made, in the context of quasi-judicial proceedings and, thus, were absolutely privileged), *Julien J. Studley Inc. v. Lefrak,* 50 App. Div.2d 162, 376 N.Y.S.2d 200 (1975), *aff'd on other grounds,* 41 N.Y.2d 881, 393 N.Y.S.2d 980, 362 N.E.2d 611 (1977) (absolute privilege applied to defamatory statements made by witness before a licensing board in a proceeding to revoke a real estate license); *Ramstead v. Morgan,* 219 Or. 383, 388-89, 347 P.2d 594 (1959) (collection of cases recognizing absolutely privileged statements made before various administrative boards and commission acting in a quasi-judicial manner); 'Defamation Administrative Proceeding' 45 A.L.R.2d 1296, 1303.

"More significantly, courts of other states have held that defamatory statements made by an employer in response to an employee's claim for unemployment benefits are absolutely privileged. *Magnan v. Anaconda Industries Inc.,* 37 Conn. Supp. 38, 429 A.2d 492 (1980); *Greene v. Hoiriis,* 103 So.2d 226 (Fla. App. 1958) (same); *Sias v. General Motors Corp.,* 372 Mich. 542, 127 N.W.2d 357 (1964) (same)."

This court must then determine what would be considered a judicial proceeding for purposes of the privilege. Black's Law Dictionary identifies a judicial action as one where there is an adjudication of rights where the parties have an opportunity to be heard. (4th ed.) As an unemployment compensation hearing produces findings by a referee, is appealable, and a judicial record is made as well as its similarity to workers' compensation hearings, this court finds that an unemployment compensation hearing is a judicial proceeding, thus protected by privilege.

Finally, this court finds that as the count for libel must fail, the claim of abuse of process must also be dismissed. Plaintiff's allegations of abuse of process are firmly rooted in the allegations of libel and the surrounding circumstances. With the application of the absolute privilege, and no cause of action for libel, Count 3 must also be dismissed.

Accordingly, this court enters the following:

## ORDER

And now, to wit, April 18, 2000, it is the order of this court that the defendants' Ruth A. Krell, Cove Haven and Caesar's Pocono Resorts, preliminary objection on the basis of an agreement for alternative dispute resolution is sustained.

It is further ordered that the defendants' Susan C. Zamesnik and Unemployment Tax Advisory Corporation, preliminary objection in the nature of a demurrer is granted and the complaint against Ruth A. Krell, individually, and as an employee of Cove Haven and Caesar's Pocono Resorts, and John Doe, individually and as an employee of Cove Haven and Caesar's Pocono Resorts, and Susan C. Zamesnik, employee of Unemployment Tax Advisory Corporation, agent for Cove Haven and Caesar's Pocono Resorts is hereby dismissed in its entirety.