IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael B. Selig,                                   :
                    Appellant                       :
                                                    :
            v.                                       :
                                                    :
Sheila Selig-Smith Sloyer and                       :    No. 2196 C.D. 2013
Raymond D. Sloyer                                   :    Submitted: June 13, 2014

BEFORE:    HONORABLE BERNARD L. McGINLEY, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE McGINLEY                          FILED:  August 12, 2014

        Michael B. Selig (Selig) appeals, *pro se,* from the order of the Court
of Common Pleas of Lehigh County (trial court) dated November 22, 2013, which
dismissed, with prejudice, Selig's Amended Complaint against Raymond and
Sheila Sloyer (the Sloyers) for Intentional Infliction of Emotional Distress.[1]


        By way of brief background: Selig[2] filed an application to the North
Whitehall Township Zoning Hearing Board (ZHB) requesting a special exception

---

[1] Selig erroneously appealed the trial court order of December 3, 2013, which denied
reconsideration.  The Sloyers moved to quash the appeal because no appeal was taken from the
trial court's final order dated November 22, 2013, and orders denying reconsideration are not
appealable.  By order dated March 19, 2014, this Court denied the motion to quash and deemed
the appeal, taken within 30 days of the final order, to be an appeal from the final order, the order
dated November 22, 2013.

[2] Selig is no stranger to this Court.  See Gail R. Selig v. South Whitehall Township
Zoning Hearing Board and Township of South Whitehall, 910 C.D. 2007 (filed on June 11,
2007); Michael B. Selig, MD FACC v. South Whitehall Township Zoning Hearing Board and
South Whitehall Township, 244 C.D. 2011 (filed December 9, 2011); Dr. Helicopters, LLC v.
**(Footnote continued on next page…)**

and variance to permit the development of an airport/heliport on certain property located in North Whitehall Township (Property). The Sloyers, are husband and wife, who reside and own real property in the immediate vicinity of the Property. The Sloyers entered a formal appearance before the ZHB and objected to the proposed use of the Property as a heliport. The Sloyers presented evidence to the ZHB regarding the proposed heliport's negative impact on the value of their property and the negative effect the proposed use would have on their welfare and enjoyment of their property.

On February 13, 2013, the ZHB denied the requested relief based on its determination that a heliport was not a permitted use on the Property and Selig's proposed use did not meet the requirements for a special exception to use the Property as an airport.

On February 27, 2013, Selig appealed the ZHB decision to the trial court at Docket No. 2013-C-2645. The Sloyers petitioned to intervene and, after a hearing, the trial court granted said petition on July 11, 2013. On October 11, 2013, the trial court denied Selig's zoning appeal based on its finding that Selig lacked standing to file the zoning appeal because the Property was owned by Aerotierra, LLC.[3]

_____

**(continued…)**

South Whitehall Township, 1218 C.D. 2012 (filed January 30, 2013); Michael B. Selig, MD FACC and Dr. Helicopters, LLC v. South Whitehall Township and Maria Mullane, 1053 C.D. 2012 (filed on October 25, 2012); Dr. Helicopters, LLC Principle, and Michael B. Selig, MD, FACC v. South Whitehall Township, 1154 C.D. 2012 (filed on March 27, 2013).

[3] That Order is the subject of a pending appeal filed by Selig at Docket No. 180 C.D. 2014.

2

On July 26, 2013, Selig commenced an action in the trial court at Docket No. 2013-C-2645, against the Sloyers and asserted a claim for "Intentional Infliction of Emotional Distress."[4]   Selig alleged that the Sloyers' objection to his proposed heliport and their intervention in his zoning board appeal were:

> …unreasonable, outrageous and exceed[ed] the bounds usually tolerated by decent society and was done wilfully, maliciously and deliberately with the intent to cause plaintiff [Selig] severe mental and emotional pain, distress, anguish, to break his spirit and loss of enjoyment of life.

Complaint, July 26, 2013, ¶73 at 12.

Selig did not set forth any allegations of physical injury or harm. The Sloyers filed Preliminary Objections in the nature of a demurrer.

On September 9, 2013, Selig was granted leave to amend his complaint to allege physical or non-economic injury.  On September 27, 2013, Selig filed his Amended Complaint in which he averred that the Sloyers:

(1)   Rallied up and escalated opposition to plaintiff's [Selig] land use (heliport);

(2)   Going door to door to excite the community;

(3)   Posting opposition signs at the Weis market, local restaurants, on various sites on Route 309;

(4)   Trespassing onto plaintiff's [Selig's] own property to post a sign of objection to plaintiff's [Selig's] airport/heliport;

---

[4] Selig also asserted a claim for "Malicious Prosecution" which was dismissed with prejudice on September 9, 2013.

3

Amended Complaint, September 27, 2013, ¶¶10(1)-(4).

Without attributing any of the following conduct to the Sloyers, Selig further averred that:

(5)     Individuals trespass[ed] and hunt[ed] on plaintiff's [Selig's] property;

(6)     During the township meeting period, trash was repeatedly dumped on plaintiff's [Selig's] property;

(7)     Plaintiff's property was broken into and Robbed, police report filed;

(8)     [O]ther threats of mental and physical harm and harassment.

Amended Complaint, September 27, 2013, ¶¶10(5)-(8).

Selig averred that he suffered the following physical and mental manifestations:

(1)     Agitation.

(2)     Loss of Sleep.

(3)     Anxiousness, inability to relax.

(4)     Anxiousness, nausea when going to property.

(5)     Fear of Robbery, Personal Injury or other physical threats when on the subject property or at his residence.

(6)     Symptoms of Traumatic Stress Syndrome.

       (7)    Pain and Suffering (parasitic damages).

Amended Complaint, September 27, 2013, ¶¶11(1)-(7).

      The Sloyers filed Preliminary Objections to the Amended Complaint on October 17, 2013. Selig filed a "Petition to Strike the Preliminary Objections" on October 23, 2013. On November 22, 2013, the trial court entered an order which sustained the Sloyers' Preliminary Objections and dismissed Selig's Amended Complaint with prejudice. The trial court held that Selig failed to satisfactorily allege a physical injury and the facts alleged by Selig did not rise to the level of conduct necessary to support an action for intentional infliction of emotional distress. Specifically, the trial court held that:

> [T]he alleged acts of the Defendants [the Sloyers], which was pled by Plaintiff [Selig] amount to actively asserting their opposition to the Plaintiff's [Selig] request for a zoning variance by posting signs to alert other members of the community, by appearing at the zoning board hearing and intervening in the appeal of the zoning board's decision, does not qualify as an issue of fact for the jury because they were exercising their rights within their community and the laws of Pennsylvania.

Trial Court Opinion, November 22, 2013, at 1, n. 2.

      On appeal[5], Selig raises five issues:

---

[5] In an appeal from a trial court order sustaining preliminary objections and dismissing a complaint, this Court's scope of review is to determine whether an error of law was committed, or an abuse of discretion occurred. In re Estate of Bartol, 846 A.2d 209 (Pa. Cmwlth. 2004). When reviewing dismissal of an action on preliminary objections, this Court must accept as true all well-pled facts set forth in the complaint as well as all inferences reasonably deducible therefrom. Id.

5

1. Does Mr. Smith [the Sloyers' Attorney] have conflicts of interest, personal proprietary and pecuniary interests that impeded his independent professional judgment in this case and having too great an interest to be representation (sic) in this case?

2. Was the appellees' [the Sloyers] standing questionable from the onset, to FURTHER unduly delay, complicate, subterfuge the facts as to pervert the course of justice? (Emphasis in original)

3. Did appellee (sic) [the Sloyers] present any burden of proof as to a legally enforceable interest, an imposed liability, are adversely affected or that appellees' [the Sloyers] interest is not adequately represented?

4. Does protection of one's rights to a fair tribunal and seeking recovery for damages to the appellant [Selig] warrant the appellees' [the Sloyers] threat of sanctions against the appellant [Selig]?

5. Have the appellee's (sic) [the Sloyers] collectively engaged in intentional acts that inflicted emotional distress on appellant [Selig], to threaten, intimidate and break appellant's [Selig] spirit?

Selig's Brief, Statement of Questions Involved at 9-10.[6]

---

[6] As an initial matter, as pointed out by the trial court, Selig improperly filed his appeal in this Court when it should have been filed in the Superior Court. Section 742 of the Judicial Code, 42 Pa.C.S. § 742, confers exclusive appellate jurisdiction in the Superior Court for civil matters which are not within the exclusive jurisdiction of the Commonwealth Court and Supreme Court. Here, the parties are all individuals acting in their individual capacities.

Nevertheless, Pennsylvania Rule of Appellate Procedure 752 confers discretion upon this Court to hear the appeal or to transfer it. Schultz v. City of Philadelphia, 460 A.2d 833 (Pa. Super. 1983). In the interests of judicial economy, this Court retains jurisdiction. This matter involves the same or related matters previously addressed by this Court in the "Selig cases" cited. Further, there are related appeals filed by Selig still pending in this Court which involve questions of fact and law concerning the underlying zoning appeal. See Wilson v. Travelers Casualty and Surety Company, 88 A.3d 237 (Pa. Cmwlth. 2013).

6

Selig's Statement of Questions Involved Nos. 1 through 4 have no bearing on the order in question and will not be addressed. The only issue before this Court is whether the trial court erred when it sustained the Sloyers' preliminary objections and struck Selig's claim for intentional infliction of emotional distress with prejudice.

To state a cause of action for intentional infliction of emotional distress:

> The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in any civilized society…[I]t has not been enough that the defendant has acted with intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation that would entitle the plaintiff to punitive damages for another tort.

Reardon v. Allegheny College, 926 A.2d 477, 488 (Pa. Super. 2007) *quoting* Hoy v. Angelone, 720 A.2d 745, 754 (Pa. 1988).

The determination of whether conduct is outrageous and extreme is a matter for the court to decide. McKeeman v. Corestates Bank, N.A., 751 A.2d 655 (Pa. Super. 2000).

This Court agrees with the trial court that Selig's factual allegations were legally insufficient to sustain a claim for intentional infliction of emotional distress. First, the conduct alleged does not rise to the level of "extreme and outrageous." The Amended Complaint alleges that the Sloyers actively asserted

7

their opposition to Selig's request for a zoning variance by posting signs to alert other members of the community, appeared at the zoning board hearing and intervened in the appeal of the zoning board's decision. The Sloyers exercised their rights within their community and the laws of Pennsylvania. Manley v. Fitzgerald, 997 A.2d 1235, 1241 (Pa. Cmwlth. 2010). As for the other conduct alleged in Paragraphs 10(5)-(8), (i.e., that people were hunting on his property, trash was strewn on his Property, his home was robbed), Selig did not attribute any of this conduct to the Sloyers.

Further, as an essential prerequisite to recovery on an intentional infliction of emotional distress claim, the plaintiff must allege physical injury or harm. Abadie v. Riddle Memorial Hospital, 589 A.2d 1143 (Pa. Super. 1991). Selig alleged that he suffered the following physical and mental manifestations: (1) agitation; (2) loss of sleep; (3) anxiousness, inability to relax; (4) anxiousness, nausea when going to the property; (5) fear of robbery, personal injury or other personal threats when on the subject property or at his residence; (6) symptoms of traumatic stress syndrome; and (7) pain and suffering. Amended Complaint at ¶10.

None of these allegations amount to physical injury. *See* Rolla v. Westmoreland Health System, 651 A.2d 160 (Pa. Super. 1994) (sustaining demurrer to intentional infliction of emotional distress claim because plaintiff failed to allege physical injury as a result of his alleged humiliation and embarrassment and mental anguish).

The trial court properly sustained the Sloyers' demurrer and struck Selig's Amended Complaint with prejudice.

8

The order of the trial court is affirmed.

_____
BERNARD L. McGINLEY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael B. Selig,                         :
            Appellant                     :
                                          :
        v.                                :
                                          :
                                          :
Sheila Selig-Smith Sloyer and             :     No. 2196 C.D. 2013
Raymond D. Sloyer                         :

# **O R D E R**

AND NOW, this 12th day of August, 2014, the Order of the Court of Common Pleas of Lehigh County in the above-captioned matter is hereby affirmed.

 

_____
BERNARD L. McGINLEY, Judge