579 A.2d 464

**Thomas KNARR, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 27, 1990.

Decided Sept. 7, 1990.

---

Paul D. Welch, Susquehanna Legal Services, for petitioner.

James K. Bradley, Asst. Counsel, with him, Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before PALLADINO and BYER, JJ., and BARBIERI, Senior Judge.

PALLADINO, Judge.

Thomas C. Knarr (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's decision denying Claimant unemployment compensation benefits for willful misconduct pursuant

to Section 402(e) of the Unemployment Compensation Law.[1] We affirm.

Claimant was employed as chief operator of a sewage treatment plant by the City of Lock Haven (Employer). On October 26, 1989, Claimant was found guilty of possession of a controlled substance, possession with intent to deliver, conspiracy to possess with intent to deliver, criminal attempt to possess and criminal attempt to possess with the intent to deliver. On October 27, 1989, Claimant was discharged from his employment.

Claimant filed a petition for unemployment compensation benefits. The Office of Employment Security (OES) denied benefits. Claimant appealed the OES determination and the referee affirmed. Claimant appealed and the Board affirmed, finding that some of Claimant's drug related activities occurred at the work place and that such behavior constituted a disregard of the standard of behavior which an employer has a right to expect.

On appeal to this court,[2] Claimant raises the following issues: (1) whether the Board erred in concluding that Claimant had engaged in willful misconduct, and (2) whether there was substantial evidence to support a finding that Employer had a policy of discharging employees who were convicted of a crime.[3]

Willful misconduct has been defined as an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's work rules, a disregard of the standard of behavior which an employer has a

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e).

2. Our scope of review is limited to a determination of whether the Board's findings of fact are supported by substantial evidence, errors of law have been committed, or constitutional rights violated. *Avco v. Unemployment Compensation Board of Review*, 105 Pa.Commonwealth Ct. 316, 524 A.2d 531 (1987).

3. The Board concedes that the finding that Employer had a policy of discharging employees when convicted of a crime is not supported by substantial evidence. We note that the Board's decision did not rely upon this finding.

right to expect of an employee, or negligence indicating an intentional disregard of the employer's interest or of the employee's duties and obligations to the employer. *New v. Unemployment Compensation Board of Review,* 126 Pa. Commonwealth Ct. 52, 558 A.2d 602 (1989). Willful misconduct is a question of law subject to our review. *Id.* The employer has the burden of proving willful misconduct. *Id.*

To meet its burden, Employer provided the testimony of Donald Laubscher (Laubscher). Laubscher testified as follows:

QEL:[4] Do you know the Claimant here, Thomas Knarr?

AEW4:[5] Yes, I do.

QEL: Let me ask you if you've ever had any dealings with him with respect to drugs?

AEW4: Yes, I have.

QEL: And have any of those dealings either taken place on city property either by telephoning or having been there?

AEW4: By the telephone.

. . . .

QEL: And how did you know where to call?

AEW4: Because I knew that's where he worked.

QEL: Did you do it on more than one occasion?

AEW4: Yes.

N.T. at 7. On cross-examination, Laubscher provided the following testimony: "I had called him, like I will tell you now, like I told you at court. I had talked to him at his job and at his house and at his brother's house considering (sic) the drug deal." N.T. at 9.

It is clear from the testimony that substantial evidence supports the Board's finding that some of Claimant's drug related activities occurred at the work place. We have found that conducting an illegal activity on the premises of an employer is an obvious violation of the acceptable sta-

4. QEL indicates a question from Employer's lawyer.
5. AEW4 indicates an answer by Laubscher.

ndards of behavior an employer has a right to expect. *Unemployment Compensation Board of Review v. Anderson*, 23 Pa.Commonwealth Ct. 308, 351 A.2d 705 (1976).

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, September 7, 1990, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.