# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Annamarie Ippolito, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1969 C.D. 2014 |
| | : | Submitted: May 22, 2015 |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| | : | |
| Respondent | : | |

BEFORE:   HONORABLE DAN PELLEGRINI, President Judge
HONORABLE P. KEVIN BROBSON, Judge
HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
SENIOR JUDGE COLINS                                    FILED:  July 31, 2015

Annamarie P. Ippolito (Claimant) petitions *pro se* for review of the September 10, 2014 order of the Unemployment Compensation Board of Review (Board), which denied Claimant unemployment compensation benefits.  The Board concluded that Claimant was ineligible for benefits because Family Dollar Stores (Employer) discharged Claimant for willful misconduct under Section 402(e) of the Unemployment Compensation Law (Law)[1] after she failed to open Employer's store on June 1, 2014 without good cause.  We affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e). Section 402(e) of the Law provides that an employee shall be ineligible for compensation for any week in which his or her unemployment is due to discharge for willful misconduct connected to his or her work.  43 P.S. § 802(e).

Following Claimant's application for unemployment compensation benefits, the Department of Labor and Industry (Department) issued a determination on June 23, 2014 finding Claimant ineligible under Section 402(e) of the Law. (Record Item (R. Item) 4, Notice of Determination.) Claimant filed a timely appeal, and, on July 21, 2014, testified at a hearing before the Referee; Employer's district manager also testified at the hearing. (R. Item 8, Referee Hearing Transcript (H.T.).)

Claimant last worked for Employer as a full-time assistant store manager. (R. Item 11, Board Decision & Order, Finding of Fact (F.F.) ¶ 1.) On June 1, 2014, Claimant was scheduled to open Employer's store at 7:30 a.m. (*Id.*, F.F. ¶ 2.) According to Employer's district manager, Employer's ability to record sales at the store for the day, as well as other employees' ability to fulfill their scheduled shifts, depended on Claimant opening the store for business. (R. Item 8, H.T. at 13.) Employer's district manager testified that Claimant neither timely nor adequately notified Employer that she could not work on June 1, 2014, despite repeated efforts to ascertain whether she intended to open the store. (*Id.*, H.T. at 12.) He further testified that Employer ultimately discharged Claimant for "refusing to go to work after she had not shown up to work." (*Id.*) Claimant does not dispute that she never arrived to open Employer's store on June 1, 2014, and that consequently the store remained closed for the entire day.

Claimant testified that she did not wake up on time to open the Employer's store because she was extremely tired and extremely stressed, which she attributed to her working a closing shift the night before, the work environment during the weeks preceding her failure to open the store, and a medical condition for which she took drowsiness-inducing medication. (*Id.*, H.T. at 7-9.)

2

Employer's district manager testified that Claimant did not offer an explanation as to why she initially did not wake up until noon on June 1, 2014. (*Id.*, H.T. at 5.) By the time he responded to Claimant's initial contact, he expected her to have awakened and opened the store. (*Id.*, H.T. at 4.) Moreover, Employer's district manager testified that when Claimant contacted him again later in the day after apparently having fallen back to sleep, she explained that she was tired, that it would take her too long to open the store, and that she did not feel like dealing with the store alone. (*Id.*, H.T. at 4-5.) Employer's district manager testified that at that point, there remained an opportunity for Claimant to open the store and recoup some of the day's losses. (*Id.*) The testimony of Employer's district manager conflicts with Claimant's assertion that she would have had to work alone had she opened the store. (*Id.*, H.T. at 6-7.) Furthermore, according to Employer's district manager, before June 1, 2014, Claimant had not informed him of any existing medical condition; indeed, he testified that Claimant did not inform him of any medical condition until nearly a week later. (*Id.*, H.T. at 5.)

Claimant did not present any fellow employee witnesses to corroborate her testimony as to the stressful work environment at the store. Moreover, Claimant testified that she did not have any medical documentation to support her testimony that she was on medication that caused her to be drowsy and unable to report to work. (*Id.*, H.T. at 12.) Claimant merely noted that she had a prescription for the medication, which she did not name, and which she described only as being "prescribed by a doctor." (*Id.*)

On July 28, 2014, the Referee affirmed the order of the Department, denying Claimant unemployment compensation benefits on the basis that Employer discharged Claimant for willful misconduct. (R. Item 9, Referee

Decision & Order.) Claimant appealed to the Board from the order of the Referee. On September 10, 2014, the Board affirmed the order of the Board, denying Claimant unemployment compensation benefits on the basis that Employer discharged Claimant for willful misconduct after she failed to open the store without good cause on June 1, 2014. (R. Item 11, Board Decision & Order.) In its order, the Board made the following findings of fact:

3. On June 1, 2014, at approximately 12:00 p.m., [Claimant] contacted [Employer's] district manager.

4. [Claimant] indicated that she just woke up, and that she was not sure if she could report to work.

5. At approximately 1:30 p.m., [Employer's] district manager responded to [Claimant's] text message.

6. The district manager tried to contact [Claimant] by phone at least twelve times.

7. At approximately 6:30 p.m., [Claimant] contacted [Employer's] district manager indicating that she just woke up and did not make it into the store.

8. [Claimant] was asked if she was going to report to the store because there were a few hours of business left.

9. The store was scheduled to close at 10:00 p.m.

10. [Claimant] told [Employer's] district manager that it would take her too long, and that she did not want to deal with the store by herself.

11. [Claimant] never informed [Employer's] district manager that she would be working by herself if she reported to work.

12. In the past, [Claimant] worked in the store by herself.

4

13. [Employer's] district manager would have made attempts to find [Claimant] other employees to report to work if [Claimant] told him.

14. By failing to open the store on June 1, 2014, the store did not make any sales for the day.

15. [Claimant] was discharged for, among other things, failing to open the store on June 1, 2014.

(*Id.*, F.F. ¶¶ 3-15.) The Board did not find credible Claimant's testimony that she initially failed to open the store because she overslept, that she was sick when she first awoke that day, and that her taking drowsiness-inducing medication for her legs caused her to fall back to sleep until later that evening. (*Id.*, Discussion at 3.) Additionally, the Board did not credit Claimant's testimony that the stress of working alone justified her not reporting to work, and that it would have taken more than two hours for her to report to work after she woke up again that evening. (*Id.*) In light of its findings, the Board concluded that Claimant's actions in failing to open the store without good cause amounted to willful misconduct; accordingly, it affirmed the determination of the Referee, denying Claimant unemployment compensation benefits. (*Id.*) Claimant filed a petition for review of the Board's decision to this Court.[2]

---

[2] This Court's scope of review is limited to determining whether there was a violation of constitutional rights, an error of law, and whether substantial evidence supports the necessary findings of fact. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Procito v. Unemployment Compensation Board of Review*, 945 A.2d 261, 262 n.1 (Pa. Cmwlth. 2008). Substantial evidence is such "relevant evidence upon which a reasonable mind could base a conclusion." *Henderson v. Unemployment Compensation Board of Review*, 77 A.3d 699, 718 (Pa. Cmwlth. 2013). After Claimant filed her brief, the Board moved to strike her brief and quash her appeal pursuant to Pennsylvania Rules of Appellate Procedure 2111 and 2119. Pa. R.A.P. Nos. 2111 and 2119. This Court ordered that the motion be listed with the merits of this appeal.

The Board raises a threshold issue of whether Claimant's brief contains sufficiently substantial defects to warrant striking her brief and quashing her appeal. This Court construes *pro se* filings liberally. *Smithley v. Unemployment Compensation Board of Review*, 8 A.3d 1027, 1029 n.6 (Pa. Cmwlth. 2010); *Means v. Housing Authority of Pittsburgh*, 747 A.2d 1286, 1289 (Pa. Cmwlth. 2000). Where the defects present in a claimant's brief do not preclude meaningful appellate review, this Court will not strike the brief or quash the appeal. *Smithley*, 8 A.3d at 1029 n.6; *Russell v. Unemployment Compensation Board of Review*, 812 A.2d 780, 783 n.3 (Pa. Cmwlth. 2002). Notwithstanding the defects present in Claimant's brief, we are able to discern her argument, enumerated below. Accordingly, we deny the motion of the Board and decide Claimant's appeal on its merits.

Before this Court, Claimant challenges the Board's decision on the grounds that the Board committed an error of law when it concluded that Employer discharged Claimant for willful misconduct after she failed to open the store without good cause. Claimant contends that the circumstances leading up to her failure to open the store, specifically, stress brought on by her work environment and a medical condition, provide good cause for her actions.

Under Section 401 of the Law, a discharged employee enjoys a presumption in favor of qualification for unemployment compensation benefits. 43 P.S. § 801. However, where an employer shows that an employee's discharge occurred as the result of willful misconduct, then the Law specifically renders that employee ineligible for unemployment compensation benefits. 43 P.S. § 802(e). The initial burden falls on the employer to prove willful misconduct in order to disqualify a claimant from receiving unemployment compensation benefits. *Grand*

*Sport Auto Body v. Unemployment Compensation Board of Review*, 55 A.3d 186, 190 (Pa. Cmwlth. 2012); *Docherty v. Unemployment Compensation Board of Review*, 898 A.2d 1205, 1208 (Pa. Cmwlth. 2006).

Whether a claimant's actions amount to willful misconduct is a question of law subject to this Court's full review. *Downey v. Unemployment Compensation Board of Review*, 913 A.2d 351, 353 (Pa. Cmwlth. 2006). Although the Law does not define "willful misconduct," our courts have defined it as (1) a wanton and willful disregard for an employer's interests; (2) a deliberate violation of an employer's rules; (3) a disregard for the standards of behavior that an employer can rightfully expect of an employee; or (4) negligence manifesting culpability, wrongful intent, evil design, or intentional and substantial disregard for an employer's interest or an employee's duties or obligations. *Oliver v. Unemployment Compensation Board of Review*, 5 A.3d 432, 438 (Pa. Cmwlth. 2010) (*en banc*).

Following an employer's showing of willful misconduct, the burden shifts to the claimant to establish good cause for claimant's actions. *Grand Sport Auto Body*, 55 A.3d at 190. The rationale underlying the concept of good cause is that where the claimant's actions are justifiable or reasonable under the circumstances, they cannot amount to willful misconduct, because they cannot be characterized as a willful disregard of the employer's interests, rules, or the standard of conduct the employer has a right to expect. *LeGare v. Unemployment Compensation Board of Review*, 444 A.2d 1151, 1153 (Pa. Cmwlth. 1982). A properly reported, reasonable absence due to illness may suffice to show good cause, and does not constitute willful misconduct, provided the claimant affirmatively establishes that illness was indeed the cause of the claimant's

7

conduct. *McKeesport Hospital v. Unemployment Compensation Board of Review*, 625 A.2d 112, 114 (Pa. Cmwlth. 1993); *Hubbard v. Unemployment Compensation Board of Review*, 456 A.2d 1122, 1124 (Pa. Cmwlth. 1983). A claimant may adduce medical documentation as evidence of the claimant's illness, and failure to do so may suffice as grounds for denial of unemployment compensation benefits. *See New v. Unemployment Compensation Board of Review*, 558 A.2d 602, 605 (Pa. Cmwlth. 1989).

In unemployment compensation proceedings, the Board, as the ultimate finder of fact, is empowered to resolve conflicts in the evidence and to determine the credibility of witnesses. *Brannigan v. Unemployment Compensation Board of Review*, 887 A.2d 841, 843 (Pa. Cmwlth. 2005). As such, the Board's findings are conclusive on appeal if supported by substantial evidence. *Peak v. Unemployment Compensation Board of Review*, 501 A.2d 1383, 1387-89 (Pa. 1985).

We hold that the Board did not commit an error of law when it concluded that Employer discharged Claimant for willful misconduct after she failed to open the store without good cause on June 1, 2014. When Claimant failed to open the store that day, she failed to meet her basic duty as assistant store manager. Consequently, Employer's store recorded no sales for the day, and Claimant's fellow employees did not fulfill their scheduled shifts. When Claimant initially contacted Employer's district manager, more than four hours following the beginning of her scheduled shift, Claimant merely expressed uncertainty as to whether she could report to work, leaving Employer's district manager to wonder whether she actually opened the store. Indeed, Employer's district manager testified that when he responded to Claimant, he expected her to have awakened and opened the store. Later, eleven hours following the beginning of Claimant's

8

scheduled shift, Claimant finally responded to the repeated attempts of Employer's district manager to reach her. At that point, although Employer's district manager testified that an opportunity to recoup some of the day's losses remained, Claimant refused to report to work. By thwarting both Employer's ability to record any sales at the store for the day, as well as her fellow employees' ability to fulfill their scheduled shifts, Claimant wantonly and willfully disregarded Employer's interests in the profitability of its stores and loyalty to its employees. Furthermore, by initially failing, and later refusing, to report to work after establishing contact with Employer's district manager, Claimant disregarded the standards of behavior Employer had a right to expect: that in spite of her tardiness, she would report to work as soon as possible.

Claimant bears the burden of adducing sufficient evidence to establish a good or adequate cause defense to her willful misconduct. Although illness may constitute good cause, Claimant neither offered medical documentation, nor professional testimony to corroborate the existence of her medical condition. Similarly, Claimant did not present testimony from her fellow employees to corroborate her contention that the work environment at the store was too stressful. Furthermore, the Board did not find Claimant's testimony credible, a determination solely within its province as ultimate finder of fact. We conclude that Claimant did not meet her burden of adducing sufficient evidence to establish good cause for her willful misconduct.

Accordingly, the Board did not commit an error of law when it concluded that Employer discharged Claimant for willful misconduct after she failed to open the store without good cause, denying Claimant unemployment compensation benefits.

9

The order of the Board is affirmed.

_____
**JAMES GARDNER COLINS, Senior Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Annamarie Ippolito,                          :
                                             :
                 Petitioner                  :
                                             :
        v.                                   : No. 1969 C.D. 2014
                                             :
Unemployment Compensation                    :
Board of Review,                             :
                                             :
                 Respondent                  :

## ORDER

AND NOW, this 31st day of July, 2015, Respondent's Application for Relief in the Form of a Motion to Strike Petitioner's Brief and to Dismiss Petitioner's Appeal is hereby DENIED, and the Order of the Unemployment Compensation Board of Review in the above-captioned matter is AFFIRMED.

_____
**JAMES GARDNER COLINS, Senior Judge**