584 A.2d 331

William J. MORRIS, Appellee,

v.

Attia SMITH & All Occupants, Appellants.

Superior Court of Pennsylvania.

Argued Oct. 31, 1990.

Filed Dec. 28, 1990.

Andrea B. Paul, Philadelphia, for appellants.

Charles D. Mandracchia, Norristown, for appellee.

Before McEWEN, MONTEMURO and JOHNSON, JJ.

MONTEMURO, Judge:

Plaintiff-appellee, William J. Morris, brought this land-lord-tenant action in Philadelphia Municipal Court and obtained a judgment against defendants-appellants, Attia Smith and her children, for $6800.00 in rent,[1] plus possession of the premises. Appellant appealed to the Philadelphia Court of Common Pleas. After the complaint, answer and counterclaim, and plaintiff's reply to new matter were filed, plaintiff filed a motion to quash defendants' appeal to the court of common pleas. The trial court sustained the motion to quash defendants' appeal on the basis that the defendants had failed to pay rent into an escrow account, as required by Philadelphia Civil Rule 311(C)(2). The court ordered defendants to vacate the premises within 30 days and granted that an "alias writ of possession may be issued forthwith." Order of March 23, 1990. Appellants appeal from the order quashing their appeal. We hold that the trial court erred in quashing the appeal, and instead should have affirmed the judgment of the municipal court. We remand this case for entry of an order affirming the judgment.

█ Philadelphia Civil Rule 311(C)(2) states:

Rule 311. *Municipal Court Appeals—Supersedeas and Jury Trials*

---

**1.** This appears to be a mistake, as the municipal court complaint requests $2800.00 in unpaid rent.

(C)(2) If the appellant is the tenant in a landlord/tenant action, the appeal shall operate as a supersedeas when the appellant files with the Administrator of the Municipal Court a copy of the Notice of Appeal attested by the Prothonotary so long as rent is paid each month on the date specified in the lease agreement with one of the following: the Prothonotary's Office, the Urban League, a bank insured by F.D.I.C. or a savings association insured by F.S.L.I.C. and P.S.A.I.C., until final disposition of the appeal.

Appellants maintain that this rule does not apply in this case because they are claiming equitable ownership of the property in dispute and therefore no landlord-tenant relationship exists between appellants and appellee. We disagree. After a hearing, the municipal court ruled against appellants, finding that they were tenants and owed rent. For purposes of an appeal, then, appellants are subject to Rule 311(c)(2). If we were to adopt appellants' argument, then any tenant could avoid the provisions of the Rule simply by pleading an equitable ownership interest in the property. Under Rule 311(C)(2), tenant-appellants must pay their rent into an escrow account while their appeal is pending. Should the tenants' claim of equitable ownership succeed, the escrow account funds will be returned to them.

Although we find that appellant was required under Rule 311(C)(2) to establish an escrow account, we must conclude that the trial court erred in sustaining appellee's motion to quash the appeal. According to our reading of the Rule, in those cases in which the tenant fails to pay rent into an escrow account, the appeal no longer operates a supersedeas, and the order of the municipal court is immediately effective. We disagree with appellee's position that a tenant who fails to comply with Rule 311(C)(2) also forfeits his or her right to maintain an appeal, as nothing in Rule 311(C)(2) indicates that the appeal to the court of common pleas is conditioned on payment of the rent into an escrow account. Although appellants failed to establish an escrow account, they still have a right to appeal from the entry of

judgment by the municipal court, as provided in Philadelphia Civil Rule 310(B):

> ... a party may appeal for a trial *de novo* to the Court of Common Pleas from the entry of judgment by the Municipal Court in the manner prescribed by Philadelphia Civil Rules 311 and 312.

Philadelphia Civil Rule 310(B).

■ Philadelphia Civil Rule 312 provides that once the parties have filed their pleadings, the case should proceed in accordance with the Pennsylvania Rules of Civil Procedure. Under the particular facts of this case, we find that rather than quash appellants' appeal to the court of common pleas, the trial court should have affirmed the judgment in favor of appellee on the basis of the pleadings, as appellee is entitled to judgment as a matter of law. The pleadings were before the court when the court of common pleas decided the motion to quash. A review of the pleadings shows that in response to appellee's complaint which sought eviction of appellants and payment of the unpaid rent, appellants counterclaimed for specific performance of an alleged oral contract for the sale of the home by appellee to appellant Attia Smith and her deceased husband, appellee's stepson. With regard to the oral contract, appellant counterclaimed the following:

\* \* \* \* \* \*

11. William Morris purchased 726 E. Chelten Avenue, Philadelphia, Pa. 19144 for Lawrence Smith and his wife Attia Smith.

12. William Morris arranged for the property price to be repaid by Lawrence and Attia and told them that in seven years his loan would be repaid and that he would then sign the house over to them.

13. Lawrence and Attia made numerous repairs on the house and treated it as their own.

14. William J. Morris began to give various excuses for not transferring the house to defendant but when defendant reported the house to the Department of Licenses & Inspection out of desperation and uncertainty because

Morris would not sign it over, he filed a landlord tenant eviction action.

15. On or about June 11, 1980, plaintiff and defendant entered into a contract for the sale of the said premises by [William Morris] to [Attia Smith] for the sum of $7,650.00. The terms of said contract were not reduced to writing, but they were certain, distinct, free from ambiguity, were clearly stated by both defendant and the plaintiff, and were distinctly agreed to by both.

16. [Attia Smith] from the day and year last aforesaid, has always been and now is anxious, ready and willing to comply with all details to complete the transfer and has asked [William Morris] to make the transfer to her.

17. [William Morris] has wholly failed to keep or to perform his part of his said contract. [William Morris] has accepted said money, but then has refused to transfer the deed, because his stepson died.

18. By reason of the foregoing, the said parol contract has been so far executed by defendant and the plaintiff that the refusal of the [William Morris] to complete the same is inequitable and a fraud upon [Attia Smith].

R.R. at 11–12.

Appellant Attia Smith's sole defense is that she is the equitable owner of the property. Ms. Smith does not contest that she has resided in the house since 1980; nor does she dispute that should the court find that she is not the equitable owner, appellee is the fee simple owner to whom she owes rent.

■ Upon reviewing the pleadings, we find that, as matter of law, appellee is entitled to judgment in his favor, as appellants have failed to plead an enforceable contract sufficient to remove this case from the Statute of Frauds requirement that an agreement for sale of real property be in writing and signed by the parties. *See* 33 P.S. § 1.

Our case law is very explicit as to the requirements which must be met to take an oral contract for real estate out of the statute. The terms of the contract must be

shown by full, complete, and satisfactory proof. The evidence must define boundaries and indicate the quantity of the land. It must fix the amount of the consideration. It must establish the fact that possession was taken in pursuance of the contract, and, at or immediately after the time it was made, the fact that the change of possession was notorious, and the fact that it has been exclusive, continuous and maintained. And it must show performance or part performance by the vendee which could not be compensated in damages, and such as would make rescission inequitable and unjust.

*Kurland v. Stolker*, 516 Pa. 587, 592, 533 A.2d 1370, 1373 (1987) (citations omitted). Appellant has not alleged with sufficient specificity the necessary elements to establish a cause of action for specific performance of the alleged oral agreement. Allegations in support of an oral contract must be clear and specific, *Snaith v. Snaith*, 282 Pa.Super. 450, 422 A.2d 1379 (1980), particularly where the contract is one that would ordinarily be subject to the Statute of Frauds.

Although the counterclaim contains allegations as to the date of the contract and the amount of consideration, appellant has failed to allege that the change of possession was notorious and exclusive or that possession was taken in pursuance of the contract. Importantly, the counterclaim contains no allegation that appellant's performance in the form of the monthly payments is not compensable in monetary damages. Nor are there any allegations in the counterclaim as to the specific nature of the improvements, or that the repairs are permanent and noncompensable in damages. We therefore conclude that appellant has failed to set forth sufficient allegations to take the contract out of the Statute of Frauds.

For the foregoing reasons, we hold that the trial court erred in quashing the appeal. We reverse and remand for entry of an order affirming the judgment of the Municipal Court.

Reversed and remanded. Jurisdiction is relinquished.