J-A07036-22

2022 PA Super 139

| | | |
|---|---|---|
| RCKA INVESTMENTS LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHARLES JOHNSON | : | |
| | : | |
| Appellant | : | No. 1051 EDA 2021 |

Appeal from the Order Entered May 12, 2021
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): Feb. Term, 2021 No. 00244

BEFORE: DUBOW, J., McLAUGHLIN, J., and KING, J.

OPINION BY KING, J.: **FILED AUGUST 11, 2022**

Appellant, Charles Johnson, appeals from the order entered in the Philadelphia County Court of Common Pleas which granted the motion of Appellee, RCKA Investments LLC, to dismiss Appellant's *de novo* appeal. We vacate and remand for further proceedings.

The relevant facts and procedural history of this case are as follows. Appellant entered into a residential lease agreement with Appellee to rent Appellee's property in Philadelphia. On March 5, 2020, Appellee initiated an eviction action against Appellant in Philadelphia Municipal Court, seeking possession of the property and a money judgment for failure to make timely rental payments. On January 22, 2021, the Municipal Court entered judgment in favor of Appellee, awarding possession of the property and a money judgment of $24,286.75. On February 1, 2021, Appellant filed a notice of appeal to the Philadelphia County Court of Common Pleas, seeking a trial *de*

*novo*. On the same day, the trial court issued a case management order which stated in relevant part:

> **FOR TENANTS — SUPERSEDEAS:** If you are a tenant and you filed the appeal, you must pay money into an escrow account to remain in the property until your appeal is decided. This is called a supersedeas. The supersedeas will suspend the Municipal Court judgment and will prevent your eviction until your case is heard by a judge and a final decision is made on the appeal. IF YOU FAIL TO PAY YOUR MONTHLY RENT INTO ESCROW IN FULL AND ON TIME, YOU COULD BE EVICTED BEFORE YOUR APPEAL IS HEARD.

(Case Management Order, filed February 1, 2021, at 1) (emphasis in original).

Appellant did not deposit funds into an escrow account to seek supersedeas. On April 15, 2021, Appellee filed a motion to dismiss on the grounds that Appellant failed to comply with the case management order because Appellant did not deposit funds into an escrow account. Appellee had not attempted to execute the judgment for possession prior to filing the motion to dismiss. On May 12, 2021, the court granted Appellee's motion and dismissed Appellant's appeal with prejudice. Appellant filed a timely notice of appeal on May 21, 2021. On May 27, 2021, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors, and Appellant timely complied on June 16, 2021.

Appellant raises the following issue for our review:

> Whether the [trial court] may dismiss a tenant's *de novo* appeal of Philadelphia Municipal Court judgments for money and possession solely because the tenant did not seek supersedeas against eviction (*i.e.*, did not deposit escrow payment or bond with the Office of Judicial Records or apply for a reduced payment)?

- 2 -

(Appellant's Brief at 2).

On appeal, Appellant asserts that he exercised his right not to seek supersedeas against eviction when he appealed to the trial court for a trial *de novo*. Appellant claims that neither the case management order nor the Philadelphia local court rules condition a tenant's right to pursue an appeal on depositing money into an escrow account and obtaining a supersedeas. Appellant argues that the only consequence of failing to deposit money into an escrow account is the risk of being evicted while the appeal is pending. Appellant concludes the court erroneously dismissed his appeal, and this Court should vacate the court's order and remand for further proceedings in accordance with the Pennsylvania Rules of Civil Procedure. We agree.

The relevant standard and scope of review are as follows:

> [T]he application, construction and interpretation of a local rule of court are matters primarily to be determined by the court promulgating the local rule and we will interfere only where the court commits an abuse of discretion. Moreover, an abuse of discretion is not merely an error in judgment; rather it occurs when the law is overridden or misapplied, or when the judgment exercised is manifestly unreasonable or the result of partiality, prejudice, bias, or ill will.

***Rolla v. Westmoreland Health Sys.***, 651 A.2d 160, 163 (Pa.Super. 1994).

Rule 1001 of the Philadelphia County local rules establishes that final orders issued by the Municipal Court in connection with money judgments and landlord-tenant orders are appealable to the Court of Common Pleas. ***See*** Phila.Civ.R. 1001(a)(1). Once a notice of appeal is filed, "[t]he proceedings

on appeal shall be conducted *de novo* in accordance with the Rules of Civil Procedure that would be applicable if the action being appealed was initially commenced in the Court of Common Pleas." ***Id.*** Additionally, if the appeal is from a judgment for possession of property subject to a residential lease:

> [R]eceipt by the Municipal Court of a copy of the Notice of Appeal shall operate as a supersedeas only if the appellant/tenant, at the time of the filing of the Notice of Appeal, deposits with the Office of Judicial Records a sum of money (or a bond, with surety approved by the Office of Judicial Records) equal to the lesser of three months' rent or the rent actually in arrears on the date of the filing of the Notice of Appeal, based on the Municipal Court judgment, and thereafter deposits each month with the Office of Judicial Records an amount equal to the monthly rent which becomes due while the appeal is pending in the Court of Common Pleas.

Phila.Civ.R. 1008(c).

"Local courts have the power to formulate their own rules of practice and procedure. These rules have equal weight to those rules established by the Pennsylvania Supreme Court provided that the local rules do not abridge, enlarge or modify the substantive rights of a party." ***Anthony Biddle Contractors, Inc. v. Preet Allied Am. St., LP***, 28 A.3d 916, 922 (Pa.Super. 2011) (internal quotation and citations omitted). Case management orders issued by the trial court are court orders setting forth the deadlines and procedural guidelines governing a case pursuant to the local court rules. ***See id.*** A court may issue sanctions for failure to adhere to the directives of a case management order in accordance with the Pennsylvania Rules of Civil Procedure. ***Id.***

Instantly, the court dismissed Appellant's *de novo* appeal, reasoning:

> Appellant failed to comply with the court's clear, explicit and unambiguous case management order. The case management order lists several options to assist Appellant in paying rent money into an escrow account with the Office of Judicial Records. These options include instructions regarding how to proceed as a low-income party and a payment schedule detailing how much rent money should be deposited and when. [Appellant] has not deposited any money into an escrow account since the court issued its order on February 1, 2021. [Appellant] is clearly in violation of the court's order. [Appellant]'s violation of the case management order is persistent and ongoing. The court exercised its inherent authority to enforce the order. That authority extends to dismissal of a party's case based on its failure to follow the court's orders.

(Trial Court Opinion, filed January 11, 2022, at 5, unpaginated).

While we do not dispute the court's authority to enforce case management orders, neither the case management order nor the Philadelphia local court rules on which the order is based required Appellant to pursue a supersedeas as a condition to his appeal. The case management order and local rules set forth the procedure a tenant must follow to obtain supersedeas to prevent eviction during the pendency of the appeal. However, nothing in the order or rule indicates that Appellant must deposit money in escrow to maintain an appeal. Although the order states that a tenant **must** pay money into an escrow account, it qualifies this language by stating that this requirement is to ensure that the tenant can remain in the property until the appeal is decided. The order provides no directive regarding escrow payments for tenants who do not wish to protect against the risk of eviction. Thus, the

court erred in deciding Appellant violated the case management order by failing to deposit money in an escrow account.[1]  **_See Rolla, supra_**.  Accordingly, we vacate the order granting Appellee's motion to dismiss and remand for further proceedings in accord with the rules of civil procedure.[2]

Order vacated.  Case remanded for further proceedings.  Jurisdiction is relinquished.

---

[1] We find support in this Court's prior holding in **_Morris v. Smith_**, 584 A.2d 331 (Pa.Super. 1990).  Although the disposition in **_Morris_** is based on a prior iteration of Rule 1008 which is no longer in effect, this Court was tasked with determining a nearly identical situation to the present case.  There, the trial court quashed the appellant's _de novo_ appeal for failure to deposit money into an escrow account based on a local court rule which stated:

> If the appellant is the tenant in a landlord/tenant action, the appeal shall operate as a supersedeas when the appellant files with the Administrator of the Municipal Court a copy of the Notice of Appeal attested by the Prothonotary so long as rent is paid each month on the date specified in the lease agreement with one of the following: the Prothonotary's Office, the Urban League, a bank insured by F.D.I.C. or a savings association insured by F.S.L.I.C. and P.S.A.I.C., until final disposition of the appeal.

**_Id._** at 332.  This Court determined that the appellant did not forfeit his right to maintain an appeal by failing to pay money into an escrow account because nothing in the rule "indicates that the appeal to the court of common pleas is conditioned on payment of the rent into an escrow account."  **_Id._**

[2] Appellee argues that we should remand for further proceedings on the money judgment only because Appellee has already executed on the judgment for possession, rendering Appellant's appeal of the judgment for possession moot.  The issue before us is limited to whether the trial court erred in granting Appellee's motion to dismiss.  As such, we make no additional determinations about the substantive merits of Appellant's underlying _de novo_ appeal.  Accordingly, any issues regarding mootness of Appellant's claims in the _de novo_ appeal should be brought before the trial court.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 8/11/2022*