J-A21028-25

2025 PA Super 206

GAIL SHANNON : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
:
:
:
v. :
:
:
:
WEIS MARKETS, INC. STORE #173 : No. 1604 MDA 2024
AND WEIS MARKETS, INC. :

Appeal from the Order Entered September 26, 2024
In the Court of Common Pleas of York County Civil Division at No(s):
2017-SU-003340

BEFORE: PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.*

OPINION BY LANE, J.: **FILED SEPTEMBER 16, 2025**

Gail Shannon ("Shannon") appeals from the trial court's order denying her petition to vacate or set aside an arbitration award in favor of Weis Markets, Inc. Store #173 and Weis Markets, Inc. (collectively "Weis"). We hold: (1) the mere appearance of impropriety arising from alleged *ex parte* contact between an arbitrator and one party's counsel and representative, without clear, precise, and indubitable evidence of misconduct or resulting prejudice, is insufficient to vacate a common law arbitration award under 42 Pa.C.S.A. § 7341; and (2) a trial court does not abuse its discretion in denying a petition to vacate or set aside such an award without developing a factual record where the petitioner's allegations are speculative and fail to demonstrate both an irregularity and an inequitable result. We affirm.

---

* Former Justice specially assigned to the Superior Court.

By way of background, the underlying negligence action for personal injuries stems from an incident in which Shannon allegedly slipped and fell in the freezer section of Weis's grocery store located in Red Lion, Pennsylvania. Following discovery, the parties agreed to submit the matter to binding arbitration pursuant to a written agreement, which included a high/low provision ensuring an award of no less than $75,000 and no more than $750,000. After conducting an arbitration in August 2024, the arbitrator determined that Weis was not negligent. On August 23, 2024, consistent with the agreement, the arbitrator entered an award in Shannon's favor in the amount of $75,000, the minimum permitted under the high/low agreement.

On September 23, 2024, Shannon filed a timely petition to vacate or set aside the arbitration award. Shannon asserted that the arbitrator, Weis's counsel, and Weis's corporate representative met privately during a lunch break without her or her counsel present, thereby creating the appearance of "fraud, misconduct, corruption, or other irregularity" resulting in an outcome that was "unjust, inequitable, or unconscionable." Petition to Vacate or Set Aside Arbitration Award, 9/23/24, at 3. Shannon further argued the award was against the "weight of the evidence." *Id*. The trial court denied the petition on September 26, 2024. Shannon filed a timely notice of appeal, and both Shannon and the trial court complied with Pa.R.A.P. 1925.

Shannon presents two issues for our review:

1. Whether the trial court erred in denying [Shannon's] petition to vacate or set aside arbitration award when it was averred, without the opportunity for opposition, that the arbitrator met

- 2 -

with counsel and representatives for [Weis] in the midst of the arbitration?

2. Whether the trial court erred in declining to develop a factual record on the issues raised in [Shannon's] petition to vacate or set aside arbitration award before ruling on the same?

Shannon's Brief at 2 (unnecessary capitalization omitted).

In her first issue, Shannon argues that the trial court erred in denying the petition to vacate or set aside the arbitration award.[1] Our standard and scope of review of an arbitration award is well-settled:

> The award of an arbitrator in a nonjudicial arbitration which is not subject to statutory arbitration or to a similar statute regulating nonjudicial arbitration proceedings is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award.
>
> The arbitrators are the final judges of both law and fact, and an arbitration award is not subject to reversal for a mistake of either. [A] trial court order confirming a common law arbitration award will be reversed only for an abuse of discretion or an error of law. Moreover, the appellant bears the burden to establish both the underlying irregularity and the resulting inequity by clear, precise and indubitable evidence.

_____

[1] We note that Shannon's Rule 1925(b) statement asserted only that "the trial court erred in denying her petition to vacate or set aside arbitration award," without identifying the basis for the alleged error. Such a generalized claim ordinarily constitutes waiver, as a vague Rule 1925(b) statement is the functional equivalent of no statement at all. **_See In re Estate of Daubert_**, 757 A.2d 962, 963 (Pa. Super. 2000). While Shannon's appellate brief specifies that her claim rests on the alleged private meeting between the arbitrator, Weis's counsel, and Weis's corporate representative, Shannon did not include that refinement in her Rule 1925(b) statement. Accordingly, her argument risks waiver. Nevertheless, we decline to find waiver.

*D'Amelia v. Toll Bros.*, 235 A.3d 321, 325 (Pa. Super. 2020) (quotation marks and citations omitted); *see also* 42 Pa.C.S.A. 7341 (providing that common law arbitration is binding and "may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award").

Shannon contends the trial court erred in denying her petition to vacate or set aside the arbitration award because the arbitrator, Weis's counsel, and Weis's representative met privately over a lunch break during the arbitration proceedings creating the appearance of impropriety amounting to fraud, misconduct, or corruption. Shannon maintains this conduct violated both the parties' written arbitration agreement — which expressly prohibited *ex parte* communications — and the broader principle that a neutral arbitrator must avoid even the appearance of impropriety. In support, Shannon cites principles and law governing common law arbitrations. Shannon asserts that "there is no need to find that any of the participants in the complained of mid-arbitration meeting suffered from any ill or corrupt intent," rather, the existence of improper *ex parte* contact alone is sufficient to invalidate the award. Shannon's Brief at 5-6.

The trial court considered Shannon's first issue and determined that it lacked merit. As the trial court explained:

> In her petition, Shannon alleges there was a closed-door meeting among the arbitrator, [Weis's] counsel and [Weis's] corporate representative. For purposes of our review of the

petition, we assume this to be true. We can easily agree that this type of meeting gives the appearance of impropriety and casts doubt on the impartiality of the arbitrator. However, Shannon has not set forth any actual fraud or corruption, remembering the standard she must meet is to do so by "clear, precise and indubitable evidence." The record is devoid of any action Shannon took after seeing such a meeting to inquire about what was discussed during the meeting. Shannon has [not] even speculated as to what may have been discussed, but simply claims the meeting itself is fraud, misconduct or corruption. To claim there may have been fraud, misconduct or corruption is insufficient. Shannon must be able to prove such conduct, but more importantly, must be able to first credibly allege the conduct. She did not.

Further, Shannon must prove not only the irregularity, but also a resulting inequity. She has failed to do so. The arbitrator is the final judge of facts and the law, and found [Weis] was not negligent. As the final judge of the facts, we presume his verdict was based upon his understanding of the facts and application of the law. As this was a slip and fall claim from the freezer section of [Weis's] store, it is conceivable that though Shannon fell it was not through the negligence of [Weis]. We were not the judge of the facts and did not hear the testimony of the witnesses. Thus, we cannot and should not, reach a conclusion about the underlying facts. However, we are not shocked that a trier of fact would reach the conclusion that [Weis] was not negligent based upon the facts alleged in the pleadings. Thus, she has failed to plead or prove, by clear and precise evidence, that the result was inequitable. To the contrary, because of the high/low arbitration agreement, Shannon will receive $75,000 despite the arbitrator's finding that [Weis] was not negligent.

Simply stated, Shannon failed to allege sufficient facts on the face of her petition to warrant disturbing the arbitrator's award. Thus, we declined to vacate the award. We believe our decision was not a result of an error of law or an abuse of our discretion.

Trial Court Opinion, 1/28/25, at 3-4 (citation omitted).

Upon review, we discern no basis to disturb the trial court's denial of

Shannon's petition. Although we do not condone the appearance of

impropriety arising from the arbitrator's *ex parte* contact with Weis's counsel and corporate representative, the standard for vacating a common law arbitration award is exacting. A party must demonstrate by clear, precise, and indubitable evidence both the existence of fraud, misconduct, corruption, or other irregularity and that such irregularity caused the rendition of an unjust or inequitable award. **See D'Amelia**, 235 A.3d at 325; **see also** 42 Pa.C.S.A. § 7341. Here, Shannon's allegations, taken as true, establish only the appearance of impropriety, not actual fraud, misconduct, corruption or other irregularity.

In her petition, Shannon vaguely averred that the parties "elected to meet together in a separate room[,]" but she provided no information regarding the location of the arbitration, the layout of the facility, or the nature of the "separate room." Petition to Vacate or Set Aside, 9/23/24, at 2. It is unclear whether the separate room was a cafeteria, a common area with refreshments, a lobby area necessary for restroom access, or some other innocuous space. Without any record evidence clarifying the circumstances, her claim remains speculative. Shannon offers no details as to what, if anything, the arbitrator, Weis's counsel, and Weis's representative discussed during this alleged meeting. Nor did she seek to make any inquiry of the arbitrator or opposing counsel to determine the content of the alleged discussion. Instead, she asks this Court to assume misconduct occurred. This falls far short of Shannon's burden to prove that an irregularity occurred by clear, precise, and indubitable evidence.

Even assuming, *arguendo*, that the arbitrator engaged in an *ex parte* discussion with Weis's representatives, Shannon has not shown by clear, precise, and indubitable evidence that this irregularity produced an inequitable result. Specifically, Shannon has not demonstrated that the arbitrator's award was the product of information exchanged in this alleged discussion. Rather, she asks this Court to assume that something was said which caused the arbitrator to enter an award in Weis' favor when he would have otherwise entered an award in her favor. Moreover, although the arbitrator found Weis was not negligent, Shannon nevertheless received $75,000 pursuant to the parties' high/low agreement. Accordingly, Shannon has failed to carry her burden to establish an unjust, inequitable, or unconscionable award under section 7341. Thus, we conclude that the trial court did not abuse its discretion in declining to vacate or set aside the arbitration award.

In her second issue, Shannon argues that the trial court abused its discretion by "denying [her p]etition for lack of more specific allegations while simultaneously failing to permit [her] to develop an evidentiary record regarding those accusations." Shannon's Brief at 6. Shannon's total discussion of this issue spans two paragraphs. **See id**. at 6-7.

It is well-settled that undeveloped arguments or those unsupported by citation to relevant authority are waived. **See** Pa.R.A.P. 2119(a), (b); **see also J.J. DeLuca Co., Inc. v. Toll Naval Assocs.**, 56 A.3d 402, 411 (Pa. Super. 2012) (holding that an issue on appeal is waived where appellant fails

to develop argument of trial court error or provide pertinent supporting authority).

Here, although Shannon asserts the trial court erred in declining to develop a factual record before ruling on her petition, she fails to meaningfully develop this contention or cite any supporting authority. Accordingly, we conclude she has waived this issue on appeal.

Even if not waived, Shannon's argument would not merit relief. "Local courts have the power to formulate their own rules of practice and procedure. These rules have equal weight to those rules established by the Pennsylvania Supreme Court provided that the local rules do not abridge, enlarge or modify the substantive rights of a party." *RCKA Invs. LLC v. Johnson*, 281 A.3d 328, 330 (Pa. Super. 2022)

Here, Shannon attached to her petition to vacate or set aside the arbitration award, a proposed rule to show cause which, if issued by the trial court, would have required Weis to file a written opposition to her petition within twenty days. The trial court declined to issue the rule.

Under York County Local Rule 206.4, the issuance of a rule is not automatic; rather, it lies within the sound discretion of the court based upon the sufficiency of the petitioner's allegations. *See* York R.C.P. 206.4(c)(1), (2). In the context of common law arbitration, section 7341 further limits judicial intervention. *See* 42 Pa.C.S.A. § 7341.

Shannon argues that the trial court erred in denying her petition to set aside the arbitration award without first developing a factual record. Shannon

maintains that "the only potential specifics not averred by [her] are the details of the meeting from which she and her legal representative were excluded." Shannon's Brief at 6. Shannon maintains "to the extent this Honorable Court finds [her] averments lacking or incomplete in any regard, this is the natural and unavoidable consequence of not having the opportunity to develop a factual record on additional specifics as to the substance of the *ex parte* meeting. *Id*. Shannon asserts that "to the extent this Honorable Court desires additional information regarding the specific content of the subject *ex parte* meeting, a factual record should have been developed by the trial court." *Id*. at 6-7.

As the trial court explained,

> Shannon filed a petition under Pa. R.C.P. 206.1 and York R.C.P. 206.1(a)(1)(e). Pa. R.C.P. 206.4(a)(1) and York R.C.P. 206.4(c)(1) make the issuance of a rule to show cause discretionary with the court. Based on the court's initial review of the factual allegations as set forth in Shannon's verified petition . . ., we declined to issue a rule. As the issuance of a rule is discretionary there is [no] error in exercising our discretion to not issue a rule.

Trial Court Opinion, 1/8/25, at 2 (unnecessary capitalization omitted).

We conclude that even if her second issue was not waived for lack of development, we would have concluded that Shannon failed to meet her burden of showing that the trial court abused its discretion. *See* York R.C.P. 206.4(c)(1), (2). As a result, there is no basis to disturb the trial court's decision. Thus, Shannon's second claim merits no relief.

Order affirmed. Judgment Entered.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 09/16/2025